Lula B. Thomas, *et al.*

*v.*

The City of South Charleston

(No. 12294)

Submitted May 6, 1964.     Decided June 9, 1964.

*Preiser, Weaver & Daugherty, W. Dale Greene,* for appellants.

*Kay, Casto & Chaney, George S. Sharp,* for appellee.

Calhoun, Judge:

This case involves an action instituted in the Common Pleas Court of Kanawha County by Lula B. Thomas and

George Thomas, wife and husband, against The City of South Charleston, a municipal corporation, arising from injuries sustained by Lula B. Thomas when she fell while a pedestrian on one of the public streets of the city. The action is based on Code, 1931, 17-10-17, as amended, which imposes liability upon a municipality to one who sustains an injury to his person or property by reason of any street, alley or sidewalk being out of repair.

Lula B. Thomas sued for damages for personal injuries sustained by her when she fell. George Thomas, the husband, sued to recover for medical and hospital bills incurred by him and for loss of consortium, as a consequence of his wife's personal injuries.

The defendant municipality filed an answer to the complaint in which, among other grounds of defense, it asserted that the plaintiffs failed to file with its recorder a notice within thirty days after the cause of action arose as required by its charter.

A jury returned a verdict in favor of Lula B. Thomas for $1,500 and in favor of George Thomas for $500. Judgment was entered on the verdict. The defendant moved the court to set aside the verdict and to enter judgment for the defendant in accordance with its motion for a directed verdict made at the conclusion of all the evidence; or, in the alternative, to set aside the verdict and grant the defendant a new trial for various reasons assigned, including the failure of the plaintiffs to file with the recorder a notice within thirty days after the cause of action arose. This motion was overruled and the case was appealed to the Circuit Court of Kanawha County.

The circuit court, sitting as an intermediate appellate court, set aside the verdict because of the failure of the plaintiffs to file a proper notice with the municipal recorder and awarded to the defendant a new trial by an order entered on June 28, 1963. From the judgment embodied in that order, the plaintiffs have appealed to this Court.

Section 5(a) of the charter of the defendant municipality is as follows:

"No action shall be maintained against the City of South Charleston for damages for a personal injury alleged to have been sustained by reason of the negligence of the City or of any officer, agent or employee thereof unless a written verified statement of the nature of the claim and of the time and place at which said injury is alleged to have been received shall have been filed with the recorder within thirty days after the cause of action shall have accrued. The cause of action shall be deemed to have accrued at the date of the sustaining of the injury, except that where death results therefrom, the time for a personal representative to give Notice shall run from the date of death. An action at law for damages for personal injury or death shall not be commenced until the expiration of thirty days after the filing of the Notice as provided in this section."

A notice of the claim, duly verified by Lula B. Thomas, was mailed from Charleston, West Virginia, on January 6, 1962. It gave information of her fall on December 21, 1961. The notice was directed and mailed by certified mail to "The Clerk of the City of South Charleston, City Building, South Charleston, West Virginia." In connection with the mailing, a return receipt was requested.

The envelope containing the notice arrived at the City Building in South Charleston on January 8, 1962. Cecil Washburn was at that time the Recorder of the City of South Charleston. On January 8, 1962, the recorder's office was closed for a period of one to two hours while employees of that office were attending the funeral of a former fire chief of the city. The return receipt discloses that it was signed and that the envelope containing the notice was accepted on January 8, 1962, by R. W. Parkins, a member of the Police Department of The City of South Charleston. The signature was as follows: "R. W. Parkins—Police Dept."

From the record it cannot be determined what became of the notice after it was delivered to the member of the police department. Ethel McGlathery testified that during the period embracing December, 1961, and January, February and March, 1962, she was employed as secretary

to the Recorder, Mayor and Council of The City of South Charleston; that as a part of her duties she had "custody and supervision of the files and correspondence and incoming correspondence" of the recorder's office; that, to her knowledge, the notice in question never came into the recorder's office; and that "the Recorder's office" first learned of the claim of Lula B. Thomas when the mayor presented a newspaper clipping at a council meeting in May, 1962.

In the circumstances previously stated, it cannot be said that the plaintiffs, or either of them, filed with the recorder a written verified statement of the nature of the claim or claims, including a statement of the time and place the injury is alleged to have been received, in compliance with the charter provision.

*Thompson* v. *City of Charleston,* 118 W. Va. 391, 191 S. E. 547, involved an action against the municipality to recover damages for personal injuries sustained by a nine-year old girl because of the alleged failure of the city to keep a certain street in repair in compliance with the same statute upon which the present case is based. The city in that case had a charter provision essentially identical with the one involved in the present case and which has been quoted previously in this opinion. In the opinion the Court stated (118 W. Va. pages 396-97, 191 S. E. pages 549-550):

> "We are of the opinion that this provision sets up conditions precedent to the right of the plaintiff to sue which must be alleged and proven as a part of the plaintiff's case, and that failure to allege and prove compliance with the section is a fatal defect that may be taken advantage of even where it is raised for the first time after verdict. It seems to us that this is the necessary meaning of the last sentence of the section in question requiring that an action shall not be commenced until the expiration of thirty days after the filing of notice as required."

Counsel for the plaintiffs assert that *Thompson* v. *City of Charleston,* 118 W. Va. 391, 191 S. E. 547, a portion of

the opinion of which we have quoted immediately above, has been overruled or qualified by the following statement in *Burcham* v. *City of Mullens,* 139 W. Va. 399, 413, 83 S. E. 2d 505, 514: "In view of the fact that notice to the defendant is not a condition precedent to the institution of this action, it is immaterial whether plaintiff gave notice to the city that she had been injured by falling on the sidewalk, and, if such notice had been given, the time thereof is likewise immaterial." We do not consider the *Burcham* case in point and we do not believe that, either expressly or by implication, it overrules or qualifies the holding of the prior *Thompson* case. We have carefully examined the record and briefs in the *Burcham* case and note that it did not involve a charter provision like or similar to the charter provision involved in the present case and in the *Thompson* case. A petition for rehearing in behalf of the City of Mullens made no reference to any such charter provision.

Counsel for the plaintiffs point out that, under prior decisions of this Court, the statutory provision upon which the present case is based imposes an absolute liability rather than a liability based on negligence; and that the charter provision requires the thirty-day notice only in actions for personal injury sustained "by reason of the *negligence* of the city or of any officer, agent or employee thereof * * *." (Italics supplied). The Court has held that such a contention is not tenable. In *Thompson* v. *City of Charleston,* 118 W. Va. 391, 397, 191 S. E. 547, 550, the Court stated:

> "It will be observed that the section in question in its express language covers only cases of negligence against the city. The case at bar arises, not from negligence, but from the breach of an absolute statutory duty. We are of the opinion, however, that the plain reading of the section in question makes it cover personal injury and death cases resulting from the breach of any kind of duty on the part of the city, and that to say that a personal injury case arising from breach of the statute which requires the city to keep its streets in safe condition for travel, is to be technically distinguished from a negligence

case so that the former does not come within the purview of the charter provision, would be to rob that statute of the greater part of its practical application and true meaning."

Under the authority of *Thompson* v. *City of Charleston,* 118 W. Va. 391, 191 S. E. 547, the Court holds in the present case that the provision of the charter of the City of South Charleston imposes a condition precedent to any right the plaintiffs may have had to sue the city. This may be regarded as the annunciation or reiteration of a harsh rule, yet there are sound reasons for such a rule:

"Statutory or charter provisions requiring presentation of claims or demands to the governing body of the municipal corporation before an action is instituted are in furtherance of a public policy to prevent needless litigation and to save unnecessary expenses and costs by affording an opportunity amicably to adjust all claims against municipal corporations before suit is brought. The purpose of provisions requiring notice or statement of claim as a condition precedent to instituting a suit for damages against a municipal corporation is to give the municipal authorities prompt notice of the injury and the surrounding circumstances in order that the matter may be investigated while the matter is fresh, the witnesses available, and before conditions have changed materially, and that the liability of the municipality or the extent of liability may be determined. This has a tendency to discourage litigation, since the proper authorities are enabled to determine intelligently whether the corporation is liable, and, if so, to make prompt settlement, and to avoid the costs of suit. On the other hand, if investigation discloses that there is no liability, or that it is desirable to litigate the matter, the municipal corporation can better prepare for the defense of a lawsuit. Notice also tends to prevent perjury and fraud and to avoid injustice growing out of the failure of the witness to recollect clearly occurrences long past before he is called upon to testify, and thus safeguard against unfounded claims. A description of the injuries, or their character and extent, may enable the officers of the corporation to judge the reasonableness of the amount claimed as dam-

ages." 38 Am. Jur., Municipal Corporations, Section 674, pages 383-384. See also 64 C.J.S., Municipal Corporations, Section 2199c, page 1040; Anno. 106 A.L.R. 856; Anno. 52 A.L.R. 2d 970; Anno. 62 A.L.R. 2d 400; Anno. 63 A.L.R. 2d 868.

We are dealing with a case in which it does not appear that a notice in proper form was presented to or filed with the recorder, or that such notice came to his attention, within the prescribed period. Service of the notice upon or filing the notice with a municipal official other than the one prescribed is held almost universally to be insufficient and ineffective in the absence of a showing that the notice came to the attention of the proper official within the prescribed time. McQuillin, The Law of Municipal Corporations, Vol. 17, Section 48.05, page 75; Anno. 23 A.L.R. 2d 963; 64 C.J.S., Municipal Corporations, Section 2199f, page 1042; 38 Am. Jur., Municipal Corporations, Section 686, page 391.

Counsel for the plaintiffs contend that the defendant waived the necessity of complying with the charter provision, and that the Court should hold that the defendant is estopped to insist upon compliance with that requirement. We have considered such contentions carefully but we believe both are without substance or merit.

For reasons stated, the judgment of the Circuit Court of Kanawha County in setting aside the verdict and in awarding the defendant a new trial is affirmed.

*Affirmed.*