Evelyn Higginbotham, *et al.*,
Robert S. Higginbotham

***v.***

City of Charleston, *etc.*, *et al.*

(No. 13163)

*and*

Evelyn Higginbotham, *et al.*

*v.*

City of Charleston, *etc.*

(No. 13164)

Submitted September 26, 1973.     Decided April 2, 1974.

*Preiser & Wilson, W. Dale Greene* for Higginbotham.

*Jackson, Kelly, Holt & O'Farrell, W. Warren Upton and Scott L. Messmore* for City of Charleston.

CAPLAN, CHIEF JUSTICE:

In a civil action in the Common Pleas Court of Kanawha County the plaintiffs, Evelyn Higginbotham and Robert S. Higginbotham, sought recovery against the defendants, The City of Charleston, West Virginia Water Company, a corporation, United Fuel Gas Company, a corporation, and Appalachian Power Company, a corporation, for damages alleged to have been incurred by reason of injuries suffered by Evelyn Higginbotham when she fell on said city's property. Robert S. Higginbotham, her husband, sought recovery in that action for loss of

consortium and for the payment of medical expenses incurred by reason of his wife's injury. Prior to the trial of this action the West Virginia Water Company, the United Fuel Gas Company and the Appalachian Power Company were dismissed on motions for summary judgment.

On March 24, 1964, the plaintiff, Evelyn Higginbotham, parked her automobile in a space near the curb on Oney Street in the City of Charleston. As she got out of her car she stepped upon a grassy strip which was situate between the sidewalk and the curb. Thereupon, the sod upon which she stepped suddenly gave way and her foot went into a hole causing her to fall to the ground. In the complaint Evelyn Higginbotham alleged that by reason of the negligence of the defendant city she sustained severe and permanent injuries for which she sought recovery in the sum of $100,000.00.

At the trial of this matter before a jury counsel for the defendant city moved the court to strike the plaintiffs' evidence and direct a verdict for the defendant as to Robert S. Higginbotham's claim, on the ground that "he has filed no notice with the City of Charleston that he intended to prosecute a claim." The court denied this motion and upon trial the jury returned a verdict which awarded Evelyn Higginbotham the sum of $20,000.00 and Robert S. Higginbotham the sum of $7,500.00. The defendant then filed a motion to set aside the verdict which motion was overruled. The judgment which was entered on the verdict was subsequently appealed by the defendant to the Circuit Court of Kanawha County.

Upon that appeal the circuit court reversed the judgment in relation to the $7,500.00 verdict for Robert S. Higginbotham on the ground that said claim was extinguished by that plaintiff's failure to file a notice of claim with the City of Charleston as required by its charter. The judgment of $20,000.00 in favor of Evelyn Higginbotham was affirmed.

The proceeding in this Court involves two appeals. Robert S. Higginbotham appeals from the reversal of the $7,500.00 judgment rendered in his favor in the trial court, contending that the notice of injury filed by his wife gave the defendant city sufficient notice of his claim. He asserts that the notice provision of the city charter was thereby satisfied.

The City of Charleston's assignments of error are more numerous. It alleges that (1) the court erred in refusing to grant the defendant a directed verdict on the ground that the plaintiffs did not allege and prove, as required by Code, 1931, 17-10-17, as amended, that the city charter required the city to keep the streets and sidewalks therein in repair; (2) the court erred in giving plaintiff's Instructions Nos. 1, 2, 3, 4 and 5; (3) the court erred in admitting into evidence the testimony of Dr. H. M. Hills relative to an injury received by Mrs. Higginbotham four and one-half years after the fall on the street; (4) Code, 1931, 17-10-17, as amended, is unconstitutional in that it attempts to deprive the City of Charleston of its governmental immunity from suit; (5) the verdict was excessive; and (6) the verdict was contrary to the law and evidence.

Considering first the appeal of Robert S. Higginbotham, it is conceded that said plaintiff did not file a notice with the city informing it that he intended to prosecute a claim against it, as allegedly required by Section 95 of the city charter. His claim, as heretofore noted consisted of loss of his wife's consortium as a result of her injury and the payment of medical expenses incurred by reason thereof.

In pertinent part Section 95 of the Charter of the City of Charleston provides: "No action shall be maintained against the City of Charleston for damages for a personal injury * * * unless a written verified statement of the nature of the claim * * * shall have been filed with the city clerk within thirty days after the cause of action shall have accrued." This appellant contends that the

notice of her injury served by Mrs. Higginbotham upon the city satisfied the requirement of the above charter provision.

The City of Charleston asserts that the claim of Robert Higginbotham is separate and distinct from that of his wife and that he must, therefore, have filed a notice with the city setting forth the nature of the claim for which he intended to prosecute an action. The basic question presented on this appeal is whether, under the pertinent charter provision, the failure of Robert Higginbotham to give to the city specific notice of his claim precludes him from prosecuting such claim.

In *Thompson v. City of Charleston,* 118 W.Va. 391, 191 S.E. 547 (1937), the Court held that Section 95 of the Charter of the City of Charleston, relating to the filing of claims in personal injury cases against the city, imposes a condition precedent to the right of the claimant to sue the city. That condition requires the plaintiff to notify the city of the claim and the nature thereof. This holding was reiterated in *Thomas v. The City of South Charleston,* 148 W.Va. 577, 136 S.E.2d 788 (1964).

We are in agreement with the decisions in the *Thompson* and *Thomas* cases which hold that the notice of an injury and a consequent claim against the city must be served upon said city before an action can be instituted. The instant case, however, presents a question not heretofore answered by this Court. Must the husband serve a notice upon the city notifying it of his claim for loss of consortium and for medical expenses for his wife when her notice, properly served, fully informed the city of the circumstances of her injury?

In *Thomas v. The City of South Charleston, supra,* the Court readily acknowledged that requiring notice to the city as a condition precedent to the right to sue "may be regarded as the annunciation or reiteration of a harsh rule". It then related that there are sound reasons for such rule. The reasons for the rule are reflected in 56

AM. JUR. 2d *Municipal Corporations, etc.,* § 686, in the following language:

"The purpose of provisions requiring notice or statement of claim as a condition precedent to instituting a suit for damages against a municipal corporation is to give the municipal authorities prompt notice of the injury and the surrounding circumstances in order that the matter may be investigated while the matter is fresh, the witnesses available, and before conditions have changed materially, and that the liability of the municipality or the extent of liability may be determined. This has a tendency to discourage litigation, since the proper authorities of the municipal corporation or county are enabled to determine intelligently whether there is liability, and if so, to make prompt settlement, and to avoid the costs of suit. On the other hand, if investigation discloses that there is no liability, or that it is desirable to litigate the matter, the municipal corporation can better prepare for the defense of a lawsuit."

In the case under consideration Mrs. Higginbotham, in accordance with the requirements of the pertinent charter provision, notified the defendant city of her injury and of her intention to institute an action for the recovery of damages. The city was thereby afforded a full, timely and complete opportunity to investigate all of the circumstances surrounding her injury and to formulate its defense if it desired to defend. Was the city in any way hampered in its investigation by not having been served with notice of the husband's subsequent claim? Were its rights thereby prejudiced? We think not.

On the other hand, were a husband in these circumstances precluded from subsequently suing to recover money expended on behalf of his wife for her medical costs, a serious injustice could result. It is entirely conceivable that the husband would have no knowledge of a claim for medical expenses or loss of consortium within the thirty-day period referred to in the charter. It would be unrealistic and unjust to require him to serve

notice of such a vague and uncertain claim within the thirty-day period or forever relinquish his right to pursue recovery in the courts.

In *Ackeret v. City of Minneapolis,* 129 Minn. 190, 151 N.W. 976 (1915), a child of the plaintiff was injured in a rubbish fire maintained by the city. The plaintiff instituted an action on behalf of the child and an action on his own behalf for recovery of medical expenses incurred in the treatment of his child. The defendant city asserted, as does the defendant in the instant case, that the father's failure to notify the city of his claim deprives him of the right to sue. It contended that the notice served on behalf of the child could not serve as a basis for both actions. The court held that inasmuch as the purpose of the statute requiring notice was fulfilled, the notice was sufficient to support both actions. In so holding it said: "The natural inference would be that he was insisting upon all the rights given by law. We think that all the essential facts were set forth and that no prejudice resulted to the defendant from the failure of the father to state specifically that he claimed damages both individually and as the statutory representative of his child, or from his failure to apportion the damages between the two claims. The purpose of the notice was fully accomplished, and we hold that it was not so defective as to bar either right of action."

Although the factual situation in the *Ackeret* case differs from that of the instant case we believe that the principles expressed therein are applicable here. We are fully cognizant of the authorities cited by the defendant city which hold that a claim such as Mr. Higginbotham's requires a separate notice and that in the absence thereof such claim is extinguished. We are of the opinion, however, that *Ackeret v. City of Minneapolis, supra,* reflects the better reasoned view and that adherence to the principles enunciated therein will afford a greater opportunity for the fair administration of justice. Furthermore, since the rule which requires notice as a

condition precedent to suing a city is a harsh rule, as noted in *Thomas v. The City of South Charleston, supra,* we deem it inadvisable to extend it beyond its present application. Therefore, the judgment of the Circuit Court of Kanawha County, relating to Robert S. Higginbotham, is reversed and the judgment of the trial court is reinstated.

Considering now the appeal of the City of Charleston wherein it seeks a reversal of the judgment in favor of Mrs. Higginbotham, the first assignment of error is grounded on the plaintiffs' failure to allege and prove that the city charter required the city to keep its streets and sidewalks in repair. As noted by the defendant city, Code, 1931, 17-10-17, as amended, and as it read at the time of the accident, did create a basis of liability which did not exist at common law. This liability did not exsit, however, "unless it [the city] is required by its charter to keep the road, bridge, street, sidewalk or alley therein, at the place where such injury is sustained, in repair." Code, 1931, 17-10-17, as amended. *Christo v. Dotson,* 151 W.Va. 696, 155 S.E.2d 571 (1967); *Jones v. City of Mannington,* 148 W.Va. 583, 136 S.E.2d 882 (1964); *Thomas v. The City of South Charleston,* 148 W.Va. 577, 136 S.E.2d 788 (1964).

In its brief the defendant does not question the existence of the charter provision which requires the city to keep its streets and sidewalks in repair. Its only complaint relative thereto is that the plaintiffs did not allege or prove the existence thereof. Relieving the plaintiffs of the necessity of alleging and proving the existence of such charter provision is the well recognized rule of law that a court may take judicial notice of a municipal charter. *Nesbitt v. Flaccus,* 149 W.Va. 65, 138 S.E.2d 859 (1964). See *State Road Commission v. Hereford,* 151 W.Va. 526, 153 S.E.2d 501 (1967); *Groves v. County Court of Grant County,* 42 W.Va. 587, 26 S.E. 460 (1896); *Beasley v. Beckley,* 28 W.Va. 81 (1886); *Town of Narrows v. Board of Supervisors,* 128 Va. 572, 105 S.E. 82

(1920); 7 M.J., *Evidence,* Section 5; 29 AM. JUR. 2d, *Evidence,* Sections 34 and 35.

The Charter of the City of Charleston, to which reference is herein made, was enacted by the West Virginia Legislature in 1929. "A court is bound to take judicial notice of the law and it is error not to do so. The courts have always taken judicial notice of all public laws or acts of the legislature of the state, without proof. * * * courts take judicial notice of the charters of municipal corporations * * *." 7 M.J., *Evidence,* Section 5. Accordingly, this assignment of error is without merit.

The defendant assigned as error the giving of certain instructions submitted on behalf of the plaintiffs. An examination of its brief, however, reveals that such assignment is not discussed or in any manner considered. In this circumstance such assignment is waived and will not be considered by this Court. See *State ex rel. Morris v. Mills* (decided March 19, 1974); Rules of Practice in the Supreme Court of Appeals, Rule VI, Section 2.

In its third assignment of error the defendant complains that the court erred in admitting into evidence the testimony of Dr. H. M. Hills relative to an injury received by Mrs. Higginbotham approximately four and one-half years after the fall on the street. The record reveals that when Dr. Hills was asked about the permanency of Mrs. Higginbotham's back injury the defendant's only objection was that there was no showing of a casual connection between the back condition and the fall approximately four and one-half years before. Immediately thereafter Dr. Hills, in reply to a question, testified that the injured knee, resulting from the original fall, was the "competent producing cause" of the fall which resulted in the back injury. No further objection was interposed by counsel for the defendant and we perceive no reversible error in the admission of this evidence.

The defendant city contends that Code, 1931, 17-10-17, as amended, is unconstitutional in that it attempts to deprive the City of Charleston of its governmental immunity from suit. It argues that such immunity exists by virtue of Article VI, Section 35 of the West Virginia Constitution which in pertinent part says "The State of West Virginia shall never be made defendant in any court of law or equity * * *." It asserts that the City of Charleston as a "branch" of the state comes within the ambit of such constitutional provision. We do not agree with the contention of the defendant. The clear and unambiguous language of Article VI, Section 35 of the West Virginia Constitution precludes only the State of West Virginia from being made a defendant.

The defendant contends that the city immunity is premised on the fact that it is engaging in a governmental rather than a proprietary function and that such immunity existed at common law. As noted, a municipality is not , included in the prohibition of Article VI, Section 35 of the West Virginia Constitution. If governmental immunity for municipalities existed at common law for the repair and maintenance of streets and sidewalks, such immunity has been abolished by the legislature by its enactment of Code, 1931, 17-10-17, as amended. If indeed a municipality was immune at common law from liability for its governmental functions the aforesaid statute changed the common law as contemplated by Article VIII, Section 21 of our Constitution. We hold, therefore, that Code, 1931, 17-10-17, as amended, which creates liability on the part of the city for any injuries caused by its streets and sidewalks being out of repair, is a constitutional exercise of legislative authority.

In support of its assertion that the $20,000.00 verdict returned in favor of Mrs. Higginbotham is excessive the defendant city quoted extensively from the testimony of Dr. Hills, the treating physician from the time of the injury. While this testimony considered alone tends to show that Mrs. Higginbotham was "progressing quite

well", the medical evidence as a whole supports the jury verdict. She was hospitalized for extended periods of time during which three surgical operations were performed. Voluminous medical evidence was introduced which showed that this plaintiff had undergone much physical pain and suffering and that her medical problems were not at an end.

Concerning the issue of excessive damages, the Court said in Syllabus No. 4 of *Browder v. The County Court of Webster County,* 145 W. Va. 696, 116 S. E. 2d 867 (1960): "In an action wherein the compensation which the plaintiff is entitled to recover is indeterminate in character, the verdict of the jury may not be set aside as excessive unless it is not supported by evidence or is so large that the amount thereof indicates that the jury was influenced by passion, partiality, prejudice or corruption, or entertained a mistaken view of the case." See *Cowan v. One Hour Valet,* 151 W.Va. 941, 157 S.E.2d 843 (1967); *Korzun v. Shahan,* 151 W.Va. 243, 151 S.E.2d 287 (1966). In the instant case the verdict is supported by the evidence; furthermore, the amount thereof is not so large as to indicate that the jury was influenced by passion, partiality, prejudice or corruption, or that it entertained a mistaken view of the case.

Finally, the defendant complains that the verdict was contrary to the law and the evidence. As noted by the foregoing considerations we discern no error of law which would warrant a reversal of the final judgment in favor of Mrs. Higginbotham; nor do we find that the verdict is contrary to the evidence. It is well settled in the law that, in determining whether a jury verdict is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned must be considered, and all facts which the jury might properly have found from the evidence must be assumed as true. *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966); *Sargent v. Malcomb,* 150 W.Va. 393, 146 S.E.2d 561 (1966);

*Poe v. Pittman,* 150 W.Va. 179, 144 S.E.2d 671 (1965); *Walker v. Monongahela Power Co.,* 147 W.Va. 825, 131 S.E.2d 736 (1963).

In view of the foregoing the judgment of the Circuit Court of Kanawha County relating to Robert S. Higginbotham is reversed and the judgment of the trial court is reinstated; the judgment of the Circuit Court of Kanawha County entered in favor of Evelyn Higginbotham is affirmed.

*Affirmed in part; reversed in part.*