413 F.Supp. 649 (1976)
REPUBLIC MUTUAL INSURANCE COMPANY, a corporation, Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation et al., Defendants.
Civ. A. No. 73-340-CH.
United States District Court, S. D. West Virginia, Charleston Division.
April 20, 1976.
*650 Charles E. Hurt, Charleston, W. Va., for plaintiff.
Robert J. Louderback, Charleston, W. Va., for defendants.

OPINION
DENNIS R. KNAPP, District Judge.
Plaintiff instituted this declaratory judgment action asking this court to declare and determine the rights and liabilities of the parties to this action under certain policies of automobile liability insurance. The facts germane to the issue involved in this case are not in dispute.
On July 9, 1971, defendant Robert Ray Jones, while driving a 1962 Plymouth automobile owned by defendant Mona E. Fleshman, collided with an automobile operated by Verna Lilly. As a result of the accident, Verna Lilly was killed.
At the time of the accident, Fleshman was a named insured under a policy of automobile liability insurance issued by State Farm. That policy was issued in January, 1971 and covered a 1971 Ford Maverick automobile, the only automobile then owned by Fleshman. The plymouth vehicle was purchased on June 22, 1971. At the same time, Jones was a named insured under a policy of automobile liability insurance issued to him by Republic which covered a vehicle owned by him.
Fleshman did not notify State Farm of either the accident or the purchase of the Plymouth until October 18, 1971. However, State Farm did learn about the accident on July 30, 1971, at which time an investigation was commenced. State Farm's knowledge of the accident came about as a result of its being notified by one of its agents, Roy E. Price, who had issued a State Farm policy to Verna Lilly. Republic was notified of the accident "shortly after July 9, 1971" (presumably by its insured Jones) and it too began an investigation. Upon learning that the Plymouth vehicle involved in the accident was owned by a State Farm insured, Republic called upon State Farm to assume the insurance on the claim then being made by the administrator of the estate of Verna Lilly. State Farm refused to do so, denying to Republic any coverage under the policy issued to Fleshman. On May 19, 1972, a civil action was commenced in the Common Pleas Court of Kanawha County, West Virginia by the administrator of the estate of Verna Lilly against Robert Jones and Mona Fleshman asking for damages for the death by wrongful act of Verna Lilly.
At the time the wrongful death action was commenced, and prior thereto, Fleshman had requested State Farm to provide her with a defense to the claim and the resulting civil action brought against her. State Farm denied to Fleshman coverage of the Plymouth automobile under the policy of insurance. Thereafter, Republic, under protest and after advising State Farm that State Farm's coverage was primary and that State Farm would be liable for all costs and expenses, defended the action and made a settlement with the administrator in the amount of $13,868.95.
The instant action followed with Republic seeking a declaratory judgment that State Farm is primarily liable for the amount paid in settlement of the death claim and other costs incident to the defense of the action.
In its initial answer, the sole defense State Farm raised was that the Plymouth did not qualify for coverage under the policy by virtue of the "newly acquired automobile" clause. However, some eight *651 months later, State Farm amended its answer and asserted the defense of failure of Fleshman to comply with the "notice" provision of the policy. Thereafter, Republic moved the Court for summary judgment on the issues of coverage and the lack of notice by Fleshman. In ruling on the motion, however, this court only considered the "coverage" issue. That issue was decided adverse to Republic and Republic appealed. The Fourth Circuit Court of Appeals reversed, holding that the Plymouth vehicle was covered under the State Farm policy issued to Fleshman. Republic Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co., 527 F.2d 1002 (4th Cir. 1975).
In remanding this case, Judge Field stated:
". . . It appears that in view of its action on the coverage issue the district court did not find it necessary to address itself to [the defense that Fleshman failed to give State Farm timely notice]. Upon remand, therefore, the district court should consider and dispose of this remaining issue."

I
The State Farm policy contained the following provision:
"1. Notice. In the event of an accident or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, and the names and addresses of injured persons and available witnesses, shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
The purpose of this provision in an automobile liability policy is to give the insurer an opportunity to make a timely and adequate investigation of the circumstances surrounding the event which resulted in the claim being made against an insured. Ragland v. Nationwide Mutual Ins. Co., 146 W.Va. 403, 120 S.E.2d 482 (1961). Compliance with such a provision has been held to be a condition precedent to recovery. Id.
It must be remembered, however, that State Farm's defense of failure to comply with this provision was only asserted as against Fleshman. It was not asserted with respect to Jones who was undisputedly an additional insured under the State Farm policy. See State Farm Mutual Automobile Ins. Co. v. Allstate Ins. Co., 154 W.Va. 448, 175 S.E.2d 478 (1970). As such, Jones too was entitled to the benefits of the policy. Even assuming Fleshman's not giving notice was fatal to her rights under the policy, the rights of Jones as an additional insured are not to be barred by the conduct of the named insured Fleshman. See England v. American Southern Insurance Co., 380 F.2d 137 (4th Cir. 1967).

II
In applying West Virginia law, the court in Travelers Indemnity Co. v. American Cas. Co. of Reading, Pa., 226 F.Supp. 354 (S.D.W.Va.1964), held that the question of lack of prejudice was immaterial as to issues involving the question of delay in giving notice.
However, the West Virginia Supreme Court of Appeals has recently altered this rule. In Willey v. Travelers Indemnity Co., W.Va., 193 S.E.2d 555 (1972), the plaintiff individually and as administrator of the estate of Helen L. Willey instituted an action to recover $10,000 allegedly due under the terms of a personal automobile insurance policy issued to him in his individual capacity because of the death of his wife, Helen L. Willey, on August 15, 1967, as a result of an automobile accident which occurred on June 9, 1967. Travelers denied liability under the policy on the grounds that plaintiff had failed to file with Travelers a written proof of claim as provided for in the policy which plaintiff admitted was the case and that the automobile accident was not the *652 proximate cause of the death of Mrs. Willey.
The evidence in that case was, however, that Travelers was fully aware of the accident and the resulting death, as evidenced by the fact that a physician employed by Travelers was present at the autopsy performed on the exhumed body of Mrs. Willey on September 20, 1967.
The purpose of filing a proof of claim is the same as that of giving notice. As the court stated at 193 S.E.2d at p. 558:
"The proof of claim requirement is included as a condition of a policy for the benefit of the insurer. Its purpose is to allow such insurer to acquire information upon which it can form an intelligent estimate of its liabilities and to afford it an adequate opportunity for investigation of the claim. . . ."
The Court went on to hold at 193 S.E.2d at pp. 558-559:
". . . In this circumstance and considering the purpose of a proof of claim . . . how was the defendant in any manner prejudiced? The obvious answer is that it was not. . . . By reason of its knowledge of the death and by its conduct in participating in the autopsy it is clear that it had the means of being fully informed as to the cause of death. It had every opportunity to prepare its defense against the claim of the plaintiff. The insurer, in the circumstances of this case, would be in no better position had it been furnished a written proof of claim by the defendant."
In Higginbotham v. City of Charleston, W.Va., 204 S.E.2d 1 (1974), this state's highest court again addressed itself to the "prejudice" question, this time in a case involving the non-compliance of giving notice to a municipality of a claim against that municipality as required by its charter.
In Higginbotham the plaintiff wife brought an action against the city alleging negligence on its part proximately causing her injuries and damages. Her husband also joined in the action as a party plaintiff to recover damages for medical costs expended as a result of his wife's injuries and for loss of consortium.
Prior to the institution of the suit, the wife had fully complied with the provisions of the city's charter which made it mandatory for a person asserting a claim for damages for personal injuries to file a notice thereof with the city within thirty days after the cause of action accrued. The husband, however, did not file such a notice.
The court acknowledged that compliance with the notice requirement "imposes a condition precedent to the right of the claimant to sue the city." Id. at 204 S.E.2d 4.
The court stated, however, at 204 S.E.2d pp. 4-5:
"We are in agreement with the . . . cases which hold that the notice of an injury and a consequent claim against the city must be served upon said city before an action can be instituted. The instant case, however, presents a question not heretofore answered by this court. Must the husband serve a notice upon the city notifying it of his claim for loss of consortium and for medical expenses for his wife when her notice, properly served, fully informed the city of the circumstances of her injury?
". . . The reasons for the rule are reflected in 56 Am.Jur.2d, Municipal Corporations, etc., § 686, in the following language:
The purpose of provisions requiring notice or statement of claim as a condition precedent to instituting a suit for damages against a municipal corporation is to give the municipal authorities prompt notice of the injury and the surrounding circumstances in order that the matter may be investigated while the matter is fresh, the witnesses available, and before conditions have changed materially, and that the liability of the municipality or the extent of liability may be determined. This has a tendency to discourage litigation, since the proper authorities of the municipal corporation or county are enabled to determine intelligently whether there is liability, and if so, to make *653 prompt settlement, and to avoid the costs of suit. On the other hand, if investigation discloses that there is no liability, or that it is desirable to litigate the matter, the municipal corporation can better prepare for the defense of a lawsuit.
In the case under consideration Mrs. Higginbotham, in accordance with the requirements of the pertinent charter provisions, notified the defendant city of her injury and of her intention to institute an action for the recovery of damages. The city was thereby afforded a full, timely and complete opportunity to investigate all of the circumstances surrounding her injury and to formulate its defense if it desired to defend. Was the city in any way hampered in its investigation by not having been served with notice of the husband's subsequent claim? Were its rights thereby prejudiced? We think not."
The foregoing would appear to be dispositive of the issue of lack of notice as set out in the contract. How was State Farm prejudiced by failure of Fleshman to give notice? It appears crystal clear that it was not. Higginbotham v. City of Charleston, supra. Willey v. Travelers Indemnity Co., supra. It knew about the accident within a reasonable time after it occurred. Not only was State Farm afforded an opportunity to make an investigation of the accident, it did make such investigation. State Farm in the circumstances of this case would be in no better position had it been furnished a notice by Fleshman. Willey v. Travelers Indemnity Co., supra.

III
"It is immaterial whether, in an automobile liability policy, the named insured or the additional insured or any other person involved notifies the insurer of the occurrence of an accident, if in fact notice is given." (Emphasis supplied). American Southern Insurance Co. v. England, 260 F.Supp. 55 (S.D.W.Va.1960), aff'd in part, rev'd in part on other grounds, 380 F.2d 137 (4th Cir. 1967). Actually, State Farm does not deny that it had notice of the accident from both Republic on behalf of Jones and from their agent Bell on behalf of the family of Mrs. Lilly. Indeed, the affidavit of David V. Walters, State Farm's superintendent of claims of West Virginia, establishes these facts. Whether or not the two separate notices were in writing is not revealed by the record. In any event, that point has not been raised.

IV
There is no sanctity to the notice provision itself and it may be waived. See Willey v. Travelers Indemnity Co., supra. It has been held in a number of West Virginia cases that denial of liability (i.e., coverage) by an insurance company operates as a waiver respecting the filing of a proof of loss. Specifically, Maynard v. National Fire Ins. Co. of Hartford, 147 W.Va. 539, 129 S.E.2d 443, 448-449 holds:
"The policy requirement of proof of loss may be waived by the insurance company; `and denial of all liability for a loss claimed under such policy operates as such waiver.' Rucker v. Fire Association of Philadelphia, 120 W.Va. 63, pt. 2 syl., 196 S.E. 494; Wade v. Mutual Benefit Health & Accident Ass'n, 115 W.Va. 694, pt. 6 syl., 177 S.E. 611; Hetzel v. Pacific Mutual Life Ins. Co., 108 W.Va. 22, pt. 1 syl., 150 S.E. 385; Houseman v. Home Ins. Co., 78 W.Va. 203, pt. 3 syl., 88 S.E. 1048, L.R.A. 1917A, 299; 29A Am.Jur., Insurance, Section 1431, page 542."
In the instant case, the record does not reveal that State Farm at any time relied upon the lack of notice of Fleshman as a reason for not defending the death claim. Likewise, the record discloses no other reason for not assuming that defense except the bare assertions in its amended answer that Fleshman was in default with respect to the notice requirement provision of the policy. State Farm did not defend under a non-waiver agreement nor did it defend under any reservation of rights. State Farm asserted only that the Plymouth vehicle was not covered under the policy and then retired from the matter *654 altogether. The Court is of the opinion therefore that State Farm waived the notice requirement.
The West Virginia courts "`being loath to enforce a forfeiture . . . are prompt to seize on any circumstances which indicate a waiver on the part of the [insurance] company. . . . '" Willey v. Travelers Indemnity Co., supra at 193 S.E.2d 558.

V
With respect to Republic's damages, had none of the instant litigation occurred, State Farm would have been liable only for $10,000 of the settlement, that amount representing the single occurrence limits of liability as disclosed by the policy it had with Fleshman. Republic is therefore entitled to be compensated by State Farm for $10,000 of the $13,868.95 it paid in settlement of the death claim. In addition, Republic should be compensated for the attorney fees it expended in defense of the death claim and resulting action. The Court is of the further opinion, however, that under the circumstances, Republic would have, in any event, investigated the accident, and therefore, the Court will deny Republic's claim for that amount.
Accordingly, judgment will be for the plaintiff on the claims hereinbefore set out.