MARY HELEN O'NEIL, *et al.*

*v.*

THE CITY OF PARKERSBURG, *etc., et al.*

(No. 13708)

*and*

DOYLE H. HENDRICKSON, *Administrator, etc.*

*v.*

THE CITY OF PARKERSBURG, *etc., et. al.*

(No. 13758)

Decided September 20, 1977.

*McCamic & McCamic, Jeremy C. McCamic and William E. Parsons, II,* for appellants.

*Cather & Renner, Diana Everett,* for appellees.

CAPLAN, CHIEF JUSTICE:

In these appeals the Court is not called upon to decide questions relative to the alleged negligence of the defendants. Rather, the issue is whether the circuit court erred in dismissing the complaints as to the City of Parkersburg, the hospital and its trustees because the notice of claim, provided in *W. Va. Code,* 8-12-20 was not filed as required in said code provision. Thus, the sole issue, dispositive of these cases, is whether the notice of

claim provision of said statute is violative of the equal protection and due process clauses of our federal and state constitutions.

Being of the opinion that the requirements of that statute do constitute such constitutional violations, we do not reach the other questions raised and we reverse the judgments of the circuit court and remand both cases for trial.

In the posture of these cases it is not necessary to consider in any detail the factual situations which led to the institution of these actions. It is sufficient for the purpose of these appeals to note that in the complaints filed in the respective cases, plaintiff Mary Helen O'Neil was alleged to have been injured by the negligence of defendant hospital and that plaintiff Doyle H. Hendrickson's decedent, Betty L. Hendrickson, was also alleged to have been injured by that defendant's negligence, from which alleged injuries she subsequently died. It is undisputed that Camden Clark Memorial Hospital is a municipal facility under the general supervision and control of the City of Parkersburg.

Alleging that the plaintiffs failed to give the City of Parkersburg timely notice of their claims as required by *W. Va. Code*, 1931, 8-12-20 certain defendants, under Rule 12(b) of the West Virginia Rules of Civil Procedure, moved that the complaints be dismissed. The court, finding no just reason for delay in the entry of judgment, granted the motions (in each case) and the complaints against defendants, The City of Parkersburg, Camden Clark Memorial Hospital and the trustees of said hospital, were dismissed with prejudice. These appeals followed.

The statute with which we are concerned, *W. Va. Code*, 1931, 8-12-20 and which was in effect on the date of the alleged injuries reads as follows:

> "Notwithstanding any other provision of this Code or any charter provision to the contrary, no action shall be maintained against any munici-

pality for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the municipality, or of any officer, agent or employee thereof, unless a written verified statement by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the mayor, recorder or municipal attorney within thirty days after such cause of action shall have accrued. The cause of action shall be deemed to have accrued on the date of the sustaining of the injury, except that where death results therefrom the time for the personal representative to give notice shall run from the date of death. An action at law for damages for injury to any person or property or for wrongful death shall not be commenced until the expiration of thirty days after the filing of the notice provided for in this section."

The existence of such notice of claim provisions in statutes and ordinances relating to municipalities is widespread, almost universal. The origins and underlying purposes of such provisions are rooted in the doctrine of sovereign immunity. That doctrine, embodying the concept that government should not be answerable for tort liability, was introduced into the American judicial system from the English common law. While the doctrine is bolstered by statute and, in our jurisdiction concerning the state, by constitutional mandate, it has in the twentieth century been subjected to severe criticism. *Bernardine v. City of New York,* 294 N.Y. 361, 62 N.E.2d 604 (1945); *Haney v. Lexington,* 386 S.W.2d 738 (Ky., 1964); *Britten v. City of Eau Claire,* 260 Wis. 382, 51 N.W.2d 30 (1952). The principal reason for this criticism is the concept of American justice which pronounces that for every wrong there is a remedy. It is incompatible with this concept to deprive a wrongfully injured party of a remedy merely because the wrongdoer wears a shield of governmental immunity. See *Muskopf v. Corning Hosp. Dist.,* 55 Cal.2d 211, 359 P.2d 457 (1961); and

*Spanel v. Mounds View School Dist.*, 264 Minn. 279, 118 N.W.2d 795 (1962). As succinctly said by Justice Rutledge, later a Justice of the United States Supreme Court: "We start with general principles. For negligent or tortious conduct liability is the rule. Immunity is the exception." *President and Directors of Georgetown College v. Hughes*, 130 F.2d 810 (D.C. Cir. 1942).

Just as the doctrine of municipal immunity has to some extent been modified and, in some jurisdictions including our own, abrogated completely by courts or legislatures, *Long v. City of Weirton*, ___ W. Va. ___, 214 S.E.2d 832 (1975), so have those entities acted to alleviate the injustices apparent in notice of claim provisions. *See,* Minn. Stat. Ann. § 466.05 (1963) (claims against municipalities not barred for failure to demand certain relief); Pa. Stat. Ann. Tit. 53, § 5301 (1937) (court may allow reasonable excuses for failure to comply); Wis. Stat. Ann. § 895.43 (1963) (action not barred if plaintiff can show municipality had actual notice and was not prejudiced); and N.Y. Gen. Munic. Law § 50-e (McKinney 1965) (permits court, in its discretion, to excuse delays in filing notice against municipalities due to infancy, incapacity, death during filing period and other reasons). *See also, Higginbotham v. City of Charleston,* ___ W. Va. ___, 204 S.E.2d 1 (1974); *Simmons v. City of Bluefield,* ___ W. Va. ___, 225 S.E.2d 202 (1975) (substantial compliance adequate); *Webster v. City of Charlotte,* 222 N.C. 321, 22 S.E.2d 900 (1942) (inability to comply strictly with statute has been recognized as an exception to rule); *McDonald v. City of Spring Valley,* 285 Ill. 52, 120 N.E. 476 (1918); *Murphy v. Village of Ft. Edward,* 213 N.Y. 397, 107 N.E. 716 (1915); *Lazich v. Belanger,* 111 Mont. 48, 105 P.2d 738 (1940) (cases establishing infancy as an excuse for noncompliance); *City of Colorado Springs v. Colburn,* 102 Colo. 483, 81 P.2d 397 (1938); *City of Tulsa v. Wells,* 79 Okla. 39, 191 P. 186 (1920) (mental or physical disability as excuse for noncompliance).

An examination of the foregoing authorities reveals many injustices resulting from the application of notice of claim provisions. Also, apparent in the opinions is a

reluctance by the courts to strictly apply such provisions. The rationalization by many courts in refusing to require strict compliance shows that there is no sanctity to notice of claim provisions. We acknowledge that such provisions have been held to be valid in a majority of jurisdictions; however, it appears that the injustices inherent therein, the rationalizations by the courts and the consequent erosion of the requirements may herald a judicial reassessment of the validity of notice of claims statutes and ordinances.

Notice of claim provisions have frequently been attacked in the courts as operating to deny due process and equal protection to private tort-feasors and to the victims of governmental torts. In the great majority of cases the courts have been reluctant to abolish the notice requirements, their rationale being two-fold. First, many decisions are based upon sovereign immunity; *Brown v. Board of Trustees*, 303 N.Y. 484, 104 N.E.2d 866 (1952); *Brantley v. City of Dallas*, 498 S.W.2d 452 (Tex. Civ. App. 1973); and second, upon a finding of a rational basis for the legislative classification. *Bituminous Cas. Corp. v. The City of Evansville*, 191 F.2d 572 (7th Cir. 1951); *Crumbley v. City of Jacksonville*, 102 Fla. 408, 135 So. 885, affirmed on rehearing 138 So. 486 (1931). Inasmuch as this Court has abrogated the doctrine of sovereign immunity as applied to municipalities we need consider such immunity no further as a justification for notice of claim provisions.

Resisting the plaintiffs' assertion that the subject statute is violative of the due process and equal protection clauses of the state and federal constitutions, the appellees contend that the legislature, in enacting such statute, had a rational basis therefore. They set forth reasons for the notice of claims requirement which may be summarized: (1) to give the municipality an opportunity to investigate the facts giving rise to the claim; (2) to discourage unfounded claims; (3) to facilitate prompt settlement; and, (4) to allow the municipality to make the necessary reserve in the annual budget.

As heretofore noted the majority of jurisdictions in this country continue to declare such provisions valid, holding that there is a rational basis therefore. Believing that in today's circumstances there is no rational basis for such legislation, we reject the view expressed by the majority.

*W. Va. Code*, 1931, 8-12-20 arbitrarily divides tort-feasors into two classes, thus resulting in a similar classification of the victims of such tort-feasors. First, there are private tort-feasors, to whom no notice of claim is owed; and, second, there are governmental tort-feasors, to whom notice must be given. The first classification allows its victim the full period prescribed by the statute of limitations in which he may institute an action; the right of the victim of a governmental tort-feasor to sue is absolutely barred after a most unfair and short period of thirty days, should he not give the required notice during that period. Effectively imposed upon the latter is a special statute of limitations.

The reasons for notice of claim legislation, noted above and which purport to supply the needed rational basis for the arbitrary classification, are designed entirely for the benefit of the city. How do they constitute a "rational basis for legislative classification" insofar as a wrongfully injured plaintiff is concerned? Such statutes create an obvious potential for plaintiffs to be precluded harshly and unfairly from prosecuting their claims. How can the enactment of such statute be justified in the face of *W. Va. Code*, 1931, 17-10-17, as amended, which unequivocally gives one the right to sue a city if he is injured by its negligence; or in the face of *West Virginia Constitution*, Article III, Section 17 which mandates that the courts shall be open and "every person, for an injury done to him ... shall have remedy by due course of law; and justice shall be administered without sale, denial or delay."?

We believe that such legislative act cannot be justified. It may constitute a rational basis for the city but it certainly is not rational nor in any way in the interest of an injured claimant. While the natural and inherent

right of a citizen of our state to prosecute a claim for a wrongfully inflicted injury may, in some circumstance, be made conditional, such circumstance and condition must be reasonable and fair to all concerned. Requiring one so injured to give notice of such injury within a short period of thirty days, as a condition precedent to the right to sue, is neither reasonable nor fair. Few laymen, unversed in the law, know within thirty days of their injury whether they will sue; fewer yet know of the thirty-day notice provision. As succinctly stated in *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973): "Within our present scheme of government, claim statutes serve no real beneficial use but they are indeed *a trap for the unwary.*" (emphasis supplied) See *Grubaugh v. City of St. Johns*, 384 Mich. 165, 180 N.W.2d 778 (1970).

The abrogation of sovereign immunity, concerning municipalities, by statute (17-10-17) and by case law, *Long v. City of Weirton, supra,* was intended to put such governmental tort-feasor on an equal footing with private tort-feasors. There is no indication in *W. Va. Code,* 1931, 17-10-17, as amended, that one must give the city a thirty-day notice of his injury. However, the notice of claim provisions (8-12-20) arbitrarily split the class of tort-feasors into two subclasses, as noted above. We perceive no valid reason for requiring such notice to a municipality while no notice need be given to a private tort-feasor. The latter can be and often is larger and more widely extended than our municipalities. The stated reasons for requiring notice to a city, other than the protection of public coffers, apply equally to many private tort-feasors; and protection of the public coffers never justifies the violation of a constitutional right. Neither is there a rational basis for the requirement of the notice of claim where the injured party is concerned—and it is his constitutional rights which are of paramount concern.

The diverse treatment afforded governmental tort-feasors and private tort-feasors, both members of a natural class and such treatment of the victims of each, bears no reasonable relationship today to the recognized purpose of the act. Considering its 60-day notice statute the

Court said in *Reich v. State Highway Department,* 386 Mich. 617, 194 N.W.2d 700 (1972): "It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection." We are in agreement with that pronouncement and hold that the requirements of *W. Va. Code,* 1931, 8-12-20, as amended, constitute an invidious discrimination which is impermissible under the constitutional guarantees of equal protection.

We also find that the requirements of the subject statute constitute a violation of the due process clauses of the Fourteenth Amendment of the *United States Constitution* and Article III, Section 10 of the *Constitution of West Virginia.* Constitutional due process as applied here guarantees against arbitrary legislation, demanding that it shall not be unreasonable, arbitrary or capricious and that the requirements therein shall have a real and substantial relation to the purpose of the act. *See, Grubaugh v. City of St. Johns, supra.*

We are not unaware of *Thompson v. City of Charleston,* 118 W. Va. 391, 191 S.E.547 (1937); *Thomas v. The City of South Charleston,* 148 W. Va. 577, 136 S.E.2d 788 (1964) and other cases in which notice of claim provisions were declared to be valid. These cases did not deal with constitutional questions raised here. They held only that the giving of the required notice was a condition precedent to the institution of a suit and that the failure to do so was a bar to the action.

Those decisions formed a proper basis for the ruling of the trial court in dismissing the complaints. However, these appeals were granted for the express purpose of reconsidering the validity of such notice provisions.

To the extent that *Higginbotham v. City of Charleston,* ___ W. Va. ___, 204 S.E.2d 1 (1974); *Simmons v. The City of Bluefield,* 225 S.E.2d 202 (1975); *Thomas v. The City of South Charleston,* 148 W. Va. 577, 136 S.E. 2d 788 (1964); *Thompson v. City of Charleston,* 118 W. Va. 391, 191 S.E. 547 (1937); and *White v. The City of Charleston,* 98 W. Va.

143, 126 S.E. 705 (1925) are inconsistent with this decision, they are hereby overruled.

For the reasons stated, the judgments of the Circuit Court of Wood County are reversed and the cases are remanded for trial.

*Reversed and remanded.*