MARTHA WHITE MILLS

*v.*

RICHARD L. DAILEY, TAX COMMISSIONER

(No. 14486)

Decided July 14, 1981.

*Chauncey H. Browning,* Attorney General, *Clovis D. Kuhn,* Special Assistant Attorney General, for appellant.

*Wood, Grimm & Delp and Bert M. Grimm, Jr.,* for appellee.

PER CURIAM:

This is an appeal by the Tax Commissioner of West Virginia from a final order of the Circuit Court of Cabell County, which reversed and set aside a portion of the Commissioner's administrative decision regarding business and occupation taxes in the years 1971 through 1973. The circuit court held the taxpayer, Martha White Mills of West Virginia, Inc., was engaged in the "dressing and processing of food" for sale on a wholesale basis within the meaning of *W.Va. Code*, 11-13-12b,[1] and was therefore subject to the wholesaler tax rate under the provisions of *W.Va. Code*, 11-13-2c,[2] rather than at the higher tax rate ordinarily imposed on the privilege of doing business as a manufacturer. We affirm.

---

[1] *W.Va. Code*, 11-13-2b provides in pertinent part:

"Upon every person engaging or continuing within this State in the business of manufacturing, compounding or preparing for sale, profit, or commercial use, ... any article or articles, substance or substances, commodity or commodities ..., the amount of the tax to be equal to the value of the article, substance, commodity ... manufactured, compounded or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer or person compounding or preparing the same, except as otherwise provided, multiplied by a rate of eighty-eight one hundredths of one percent. The measure of this tax is the value of the entire product manufactured, compounded or prepared in this State for sale, profit or commercial use, regardless of the place of sale or the fact that deliveries may be made to points outside the State. *However, the dressing and processing of food by a person, firm or corporation, which food is to be sold on a wholesale basis by such person, firm or corporation shall not be considered as manufacturing or compounding, but the sale of these products on a wholesale basis shall be subject to the same tax as is imposed on the business of selling at wholesale as provided in section two-c [§ 11-13-2c].* (emphasis supplied)

[2] *W.Va. Code*, 11-13-2c reads as material here:

"Upon every person engaging or continuing within this State in the business of selling any tangible property whatsoever, real or personal, including the sale of food ... there is likewise hereby levied, and shall be collected, a tax equivalent to fifty-five one hundredths of one percent of the gross income of the business, *except* that in the business of selling at wholesale the tax shall be equal to twenty-seven one hundredths of one percent of the gross income of the business." (emphasis supplied)

The taxpayer, a West Virginia corporation with its principal office and place of business located at Huntington, Cabell County, West Virginia, is engaged in the business of buying and reselling a variety of products. Its business activities as material here involve the preparation of flour and cornmeal products for wholesale distribution. As to the former, the taxpayer's activities consist of receiving soft and hard wheat flour at its Huntington plant in bulk, which it mixes together, along with other ingredients. It then packages the flour mix for sale. As to the cornmeal, the taxpayer's activities consist of receiving corn in bulk which it grinds into meal, adds a variety of ingredients, and packages the finished product for sale.

The Tax Commissioner concedes on this appeal that the circuit court did not err in concluding that the taxpayer's business activities in regard to its flour and corn products constituted the dressing and processing of food under *W.Va. Code*, 11-13-2b and this Court's decision in *Ballard's Farm Sausage, Inc. v. Dailey*, 162 W.Va. 10, 246 S.E.2d 265 (1978). In the first syllabus of *Ballard's* we ruled: "Under *W.Va. Code*, 11-13-2b [1974], even if an operation is manufacturing, if it is also dressing and processing food to be sold at wholesale it comes under the wholesale rate proviso."

The Commissioner argues, nonetheless, that the taxpayer is not entitled to the lower tax rate for wholesalers under the terms of *W.Va. Code*, 11-13-2b because its flour and corn products were not sold on a wholesale basis.[3] The Commissioner contends the taxpayer did not sell its food products but rather simply shipped them out-of-state to affiliated companies and wholly-owned subsidiaries. The Commissioner also argues there were no sales because there was no transfer of ownership. The only authority offered in support of the Commissioner's position is the definition of the word sale contained in *W.Va. Code*, 11-13-1,

---

[3] *W.Va. Code*, 11-13-1, defines "selling at wholesale" or "wholesale sales" as pertinent here:

"Sales of any tangible personal property for the purpose of resale in the form of tangible personal property. . . ."

which provides that a sale includes any transfer of the ownership or title to property, whether for money or in exchange for other property.

We are not persuaded by the Commissioner's argument.[4] Furthermore, we should note that the Commissioner did not take the position in the circuit court that he now takes in this Court. The record clearly indicates that the taxpayer sold processed foods out-of-state to both affiliates and non-affiliates. The Commissioner's argument that the taxpayer is not a wholesaler because all of its out-of-state shipments went to affiliates and subsidiaries, and therefore were not sold, is thus without factual support. Of equal, if not greater significance, is the finding of fact by the circuit court that all the taxpayer's flour and cornmeal was indeed sold on a wholesale basis to other businesses which in turn would sell them to the ultimate consumer.

We find nothing in the provisions of our Business and Occupation Tax Statute, *W.Va. Code*, 11-13-1, *et seq.*, that supports the Commissioner's position. As the taxpayer points out, *W.Va. Code*, 11-13-2 [1971], recognizes that transfers between affiliates can constitute sales for business and occupation tax purposes. That provision provides in pertinent part:

> "In determining value, however, as regards sales from one to another of affiliated companies ... where the relation between the buyer and seller is such that the gross proceeds from the sale are not indicative of the true value of the subject matter of the sale, the tax commissioner shall prescribe uniform and equitable rules for determining the value upon which such privilege tax shall be levied. ..."

Moreover, the Commissioner has promulgated regulations for determining the true value of sales between

---

[4] The Tax Commissioner in his petition for appeal assigned as error the trial court's ruling that the taxpayer was entitled to deduct the proceeds from its out-of-state wholesale sales. This assignment, however, is not argued in the Commissioner's brief. We consider this assignment of error waived. Syl. pt. 3, *Higginbotham v. City of Charleston*, 157 W.Va. 724, 204 S.E.2d 1 (1974).

affiliates where the gross proceeds of the sales are not indicative of the true value of the subject matter of the sales. *See,* W.Va. Business and Occupation Tax Regulations § 1.2 (A) (1) (c) ¶76-504 (1974).

For the foregoing reasons, the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*