MARGARET A. PRIESTER, *et al.,*

*v.*

WILLIAM M. HAWKINS, MAYOR, *etc., et al.*

(No. 14796)

Decided December 17, 1981.

*Robert M. Amos and Harry R. Cronin, Jr.,* for appellants.

*Higinbotham & Higinbotham and Groege R. Higinbotham,* for appellees.

PER CURIAM:

This is an appeal by Margaret Priester and Franklin Priester from an order of the Circuit Court of Marion County dismissing their civil action in which they sought damages against the City of Fairmont for losses they sustained when the City demolished their house. The Priesters contend that the circuit court erred in dismissing the action. We agree and reverse the decision of the circuit court and remand the action.

Sometime after September 1, 1976, the City of Fairmont demolished a house owned, but not occupied, by the Priesters. After learning of the demolition, the Priesters sued the City alleging that they had not been afforded the notice required by due process of law. The City answered and as an affirmative defense, asserted that the Priesters had failed to give notice of their claim as required by *W. Va. Code,* 8-12-20.[1] Based on this failure to give notice,

---

[1] *W. Va. Code,* 8-12-20 provides:

Notwithstanding any other provision of this Code or any charter provision to the contrary, no action shall be maintained against any municipality for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the municipality, or of any officer, agent or employee thereof, unless a written notice by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the mayor, clerk, recorder or municipal attorney within six months after such cause of action shall have accrued.

The cause of action shall be deemed to have accrued on the date of the sustaining of the injury, except that where death results therefrom the time for the personal representative to give notice shall run from the date of death. An action at law for damages for injury to any

the City moved for a summary judgment. The circuit court granted the City's motion for summary judgment, concluding that this Court's decision in *O'Neil v. City of Parkersburg*, 160 W. Va. 694, 237 S.E.2d 504 (1977), was prospective only and, therefore, did not apply to this case which was instituted prior to the *O'Neil* decision.

In their appeal, the Priesters argue that the lower court erred in applying *O'Neil, supra,* in a prospective manner only, thereby dismissing their claim against the City of Fairmont. We agree that the lower court erred in dismissing the action, but for the reasons not relating to the application of *O'Neil.*

In *O'Neil,* we determined that the notice of claim provision provided for in *W. Va. Code,* 8-12-20, violated the equal protection and due process clauses of our state and federal constitutions. However, *O'Neil* involved a thirty day notice of claim provision which was enacted in 1969. That provision was amended in 1976, and the period in which to give notice of a claim was extended to six months. Because the 1976 version of *W. Va. Code,* 8-12-20 became effective before the demolition of their house,[2] the Priesters were subject to the six month notice requirement, not the thirty day requirement previously declared unconstitutional.

By concluding that *O'Neil* is not applicable to the case presently before us, we are not determining that the amended six month notice provision is constitutional. "When it is not necessary in the decision of a case to

---

person or property or for wrongful death shall not be commenced until the expiration of thirty days after the filing of the notice provided for in this section.

Substantial compliance with the notice provisions of this section shall be deemed sufficient compliance thereof.

[2] The six month notice of claim provision was enacted on March 9, 1976, and became effective three months later on June 7. While the record does not reveal the exact date on which the Priester's house was demolished, it does reveal that the order requiring the demolition was not entered until sometime in September 1976. Therefore, even assuming that the order was entered on September 1, and that the house was demolished on the same date, the six month notice of claim provision would have been in effect for several months.

determine the question of the constitutionality of a statute, this Court will not consider or determine such question." Syl. pt. 5, *State v. Hayes*, 150 W. Va. 151, 144 S.E.2d 502 (1965). Therefore, we decline to consider the amended statute's constitutionality, as the dispute between the Priesters and the City of Fairmont can be resolved within the framework of the statute.

Theoretically, the purpose of our notice of claim provision is to guarantee that a municipality is afforded a full, timely and complete opportunity to investigate all of the circumstances surrounding the injury and to formulate its defense. *Simmons v. City of Bluefield*, 159 W. Va. 451, 225 S.E.2d 202 (1975), *overruled on other grounds, O'Neil v. City of Parkersburg*, 160 W. Va. 694, 237 S.E.2d 504 (1977). Towards this end, the 1976 version of *W. Va. Code*, 8-12-20 requires an individual contemplating an action against a municipality to give written notice of the nature of the claim and of the time and place at which the injury is alleged to have occurred. In addition, the claimant must give this notice within six months of the date of the injury and then wait thirty days before actually instituting the action. Despite these requirements, the Legislature clearly indicated its intent that substantial compliance with the provisions of *W. Va. Code*, 8-12-20 would be sufficient to maintain an action against a municipality.

In reviewing the facts before us, we note that the appellants filed their complaint within six months of the date their home was demolished. Although they did not strictly comply with the procedural guidelines of *W. Va. Code*, 8-12-20, it is clear that their complaint served the ultimate purpose of the statute. The city was given prompt notice of the claim and an opportunity to investigate and formulate its defense. Substantial compliance with the notice requirement contained in *W. Va. Code*, 8-12-20, *as amended* [1976], is satisfied by the filing of a complaint within six months after the cause of action accrues. Therefore, the appellants should have been permitted to continue their action and the trial court erred by dismissing it.

The order of the Circuit Court of Marion County is, therefore, reversed and the case is remanded to the court for further proceedings in accordance with this opinion.

*Reversed and remanded.*