LAWRENCE EDWARD BROWN, II,

*etc., et al.*

*v.*

TOWN OF MONTGOMERY,

*etc., et al.*

(No. 14029)

Decided March 28, 1978.

*Louis R. Tabit, George A. Daugherty* for appellants.

*Charles M. Vickers, George L. Vickers* for appellees.

PER CURIAM:

This is an appeal by an infant plaintiff and his father whose personal injury action was dismissed by the Circuit Court of Fayette County on February 4, 1977, because plaintiffs did not comply with W.Va. Code, 8-12-20, which then required that notice of a claim against municipalities be filed within thirty days after a cause of action accrues.

This Court, in the consolidated cases of *O'Neil and Hendrickson v. City of Parkersburg*, W.Va., 237 S.E.2d 504 (1977), held that this statute violated the Equal Protection and Due Process Clauses of the State and Federal Constitutions. Syllabus Point 2 reads:

> "The notice of a claim provision provided for in W. Va. Code, 8-12-20, as enacted by the Legislature in 1969, is violative of the equal protection and due process clauses of our state and federal constitutions and is unconstitutional."

Appellees, however, first urge that we reconsider our ruling declaring the statute unconstitutional. This we decline to do.

Appellees also argue that, in any event, the rule announced in the *O'Neil and Hendrickson* case should not be applied retroactively.

The instant case had not become final at the time of this Court's decision in *O'Neil and Hendrickson*. In fact, the appeal was filed in this Court on September 22, 1977, two days after our *O'Neil and Hendrickson* decision. Moreover, plaintiffs unsuccessfully urged the trial court to consider the validity of the notice provision of W.Va. Code, 8-12-20. These facts, without more, require rejection of appellee's contention respecting non-retroactivity.

The judgment of the Circuit Court of Fayette County is therefore reversed and the case is remanded for trial.

*Reversed and remanded.*