381 S.E.2d 384

**Mary I. LEPON**

v.

**Mary Wash TIANO, et al., and the City of Clarksburg.**

No. 18675.

Supreme Court of Appeals of West Virginia.

June 16, 1989.

Thomas A. Bedell, Clarksburg, for LePon.

James M. Wilson, Steptoe & Johnson, Clarksburg, for Tianos.

Boyd L. Warner, Waters, Warner & Harris, Clarksburg, for City of Clarksburg.

PER CURIAM:

In this appeal, we are asked to review the continued viability of *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977), where we held unconstitutional the provision in W.Va.Code, 8-12-20 (1969), which required notice of claims to municipalities within thirty days after the cause of action accrued when negligence by the municipality is alleged. In 1976, this section was amended to provide for a notice within six months after the cause of action accrues.[1]

Mary I. LePon appeals from an order by the Circuit Court of Harrison County which dismissed the City of Clarksburg (City) as a defendant in an action alleging negligence in sidewalk maintenance by defendant homeowners and the City. Ms. LePon alleged that on October 19, 1985, as a direct and proximate result of the defendants' negligence, she fell and sustained physical injuries to her right knee. In response to her complaint, the City moved to be dismissed based on her failure to provide the City a written notice within six months

---

1. W.Va.Code, 8-12-20 (1976), provides:

"Notwithstanding any other provision of this Code or any charter provision to the contrary, no action shall be maintained against any municipality for injury to any person or property or for wrongful death alleged to have been sustained by reason of the negligence of the municipality, or of any officer, agent or employee thereof, unless a written notice by the claimant, his agent, attorney or representative of the nature of the claim and of the time and place at which the injury is alleged to have occurred or been received shall have been filed with the mayor, clerk, recorder or municipal attorney within six months after such cause of action shall have accrued. The cause of action shall be deemed to have accrued on the date of the sustaining of the injury, except that where death results therefrom the time for the personal representative to give notice shall run from the date of death. An action at law for damages for injury to any person or property or for wrongful death shall not be commenced until the expiration of thirty days after the filing of the notice provided for in this section.

"Substantial compliance with the notice provisions of this section shall be deemed sufficient compliance thereof."

after the cause of action accrued. The circuit court made findings of fact and conclusions of law that the existing statute, W.Va.Code, 8–12–20 (1976), was passed after our *O'Neil* decision and, as enacted, appeared to be consistent with statutes in surrounding states, all of which had been held to be constitutional.

In *O'Neil*, a municipal hospital under the general supervision and control of the City of Parkersburg was sued for negligence. The plaintiffs failed to give timely notice of their claims and the City moved to dismiss the complaint. Justice Caplan, writing for a unanimous Court, concluded that the notice requirement violated the Equal Protection and Due Process Clauses of both the West Virginia and United States Constitutions and stated in Syllabus Points 1 and 2:

"1. A legislative act which arbitrarily establishes diverse treatment for the members of a natural class results in invidious discrimination and where such treatment or classification bears no reasonable relationship to the purpose of the act, such act violates the equal protection and due process clauses of our federal and state constitutions.

"2. The notice of claim provision provided for in *W.Va.Code*, 8–12–20, as enacted by the legislature in 1969, is violative of the equal protection and due process clauses of our state and federal constitutions and is unconstitutional."

*See also Brown v. Town of Montgomery,* 161 W.Va. 370, 242 S.E.2d 476 (1978); *Anderson v. City of Hinton,* 161 W.Va. 505, 242 S.E.2d 707 (1978).

*O'Neil* determined that W.Va.Code, 8–12–20, arbitrarily divided tortfeasors into private tortfeasors, to whom no notice of claim is owed, and governmental tortfeasors, to whom notice must be given. The notice of claim statute was designed entirely for the benefit of the city, and "[w]hile the natural and inherent right of a citizen of our state to prosecute a claim for a wrongfully inflicted injury may, in some circumstance, be made conditional, such circumstance and condition must be reasonable and fair to all concerned." 160 W.Va. at 700–01, 237 S.E.2d at 508. The thirty-day notice period was neither reasonable nor fair. Moreover, while other jurisdictions uphold notice requirements based upon sovereign immunity, this was found to be no justification because of the abrogation of municipal sovereign immunity in West Virginia. *Long v. City of Weirton,* 158 W.Va. 741, 214 S.E.2d 832 (1975).

The City argues that after *O'Neil* the legislature instituted limited sovereign immunity for municipalities by enacting The Governmental Tort Claims and Insurance Reform Act (Reform Act).[2] It contends that the former arbitrary division of tortfeasors now has a statutorily rational basis. We need not address this issue, as this statute was enacted after Ms. LePon's cause of action accrued. Her injury occurred approximately eight months before the enactment of the Reform Act. The City was without sovereign immunity protection when Ms. LePon's claim arose and our holding in *O'Neil* applies.

The City also argues that the legislature considered our *O'Neil* holding when it amended the notice requirement. However, the legislature acted in 1976, before our decision in *O'Neil*.[3] Consequently, we do not believe that the equal protection problems addressed in *O'Neil* were considered.

For the foregoing reasons, we conclude that Ms. LePon's action is controlled by our holding in *O'Neil* and, therefore, the City of Clarksburg should not have been dismissed as a defendant. The order of the Circuit Court of Harrison County is reversed, and the case remanded for further proceedings in accordance with this opinion.

Reversed and Remanded.

---

**2.** W.Va.Code, 29–12A–1, *et seq.,* which was enacted by 1986 W.Va.Acts, ch. 24.

**3.** W.Va.Code, 8–12–20, was amended by 1976 W.Va.Acts ch. 77, which became effective on June 9, 1976, some fifteen months before our *O'Neil* opinion.