MARY E. TOLER, *et al.*

*v.*

THE CITY OF HUNTINGTON, *etc., et al.*

(No. 12826)

Submitted May 27, 1969.     Decided July 1, 1969.

*Beckett & Burford, Robert H. Burford,* for appellants.

*E. Henry Broh,* for appellees.

CALHOUN, JUDGE:

This case, upon appeal from a judgment of the Circuit Court of Cabell County, involves an action instituted in that court by Mary E. Toler and Delbert Toler, wife and husband, against the City of Huntington, Ruth Salyers and Goldie Elaine Collins, Administratrix of the Estate of Henry Salyers, to recover damages for personal injuries alleged to have been sustained by Mary E. Toler as a result of her having fallen on a public sidewalk in the City of Huntington and to recover medical expenses alleged to have been incurred by Delbert Toler as a consequence of the injuries sustained by his wife. From an order of the Circuit Court of Cabell County granting a motion for summary judgment in favor of the City of Huntington and dismissing the city from the action, the plaintiffs have been granted an appeal to this Court.

It is alleged in the complaint that Mary E. Toler was injured as the result of having stepped into a hole in a sidewalk in front of the Salyers home. The personal representative and Ruth Salyers were made parties defendant for the reason that the sidewalk in question abutted upon real estate owned by Ruth Salyers and by Henry Salyers, in his lifetime.

The City of Huntington filed a written motion for summary judgment in accordance with R.C.P. 56 (b) and (c) on the ground that the plaintiffs had failed to file a written claim of injury with the city within the time period specified and required by a city ordinance designated as Section 1-16 of the Code of the City of Huntington, West Virginia, 1964. The ordinance, attached to the motion for summary judgment and designated as Exhibit A, is as follows:

"No action shall be maintained against the City of Huntington, West Virginia, for damages for personal injuries or death alleged to have been sustained by reason of negligence or breach of any duty on the part of the City, or any officer, agent or employee thereof, unless a written, veri-

fied statement of the nature of the claim, and of the time and place at which such injury is alleged to have been received shall have been filed with the Clerk of the City of Huntington within thirty days after the cause of action shall have accrued. The cause of action shall be deemed to have accrued at the date of the sustaining of the injury, except that where death results therefrom the time for the personal representative to give notice shall run from the date of death. An action at law for damages for personal injuries or death shall not be commenced until the expiration of thirty days after the filing of the notice as provided in this section."

On November 1, 1968, the trial court entered an order sustaining the city's motion for summary judgment and dismissing the City of Huntington from the action. In so doing, the court held that the ordinance was valid.

On April 23, 1969, this Court granted to the plaintiffs leave to move to reverse the judgment of the trial court pursuant to Code, 1931, 58-5-25 and Rule IX of the Rules of this Court. In these circumstances, the case was submitted for decision by this Court upon the original record, upon typewritten briefs and upon oral argument of counsel. The question presented for decision is whether the trial court erred in granting the city's motion for summary judgment; and this, in turn, involves the question whether the city, by the ordinance previously quoted, had legal authority to make a thirty-day statement or notice of the claim a condition precedent to the plaintiffs' right to maintain the civil action.

The action against the city is predicated upon the provisions of Code, 1931, 17-10-17, as amended, which creates a cause of action against a municipality in favor of one who has sustained personal injury or property damage by reason of any street or sidewalk of the municipality being out of repair. In two prior cases, this Court held that thirty-day provisions, similar to the thirty-day provision in the ordinance involved in the present case,

created conditions precedent to the right to maintain civil actions against the municipalities involved in those cases. *Thomas* v. *The City of South Charleston,* 148 W. Va. 577, 136 S. E.2d 788; *Thompson* v. *City of Charleston,* 118 W. Va. 391, 191 S. E. 547.

The plaintiffs contend in this case that the two cases cited immediately above are not applicable to the present case for the reason that the City of Charleston and the City of South Charleston operate under legislative charters, created by acts of the legislature, which legislative charters expressly authorize the thirty-day provisions in question; whereas the City of Huntington is a "home rule" city and that, therefore, the Huntington ordinance in question did not emanate from specific authorization of the legislature. It is contended further in this connection that, in the absence of specific constitutional or legislative authorization, the City of Huntington, a "home rule" city, had no legal authority to enact and to apply the thirty-day provision in its ordinance here in question so as to make it a condition precedent to the right of the plaintiffs to maintain their civil action. It is undisputed that a thirty-day statement or notice was not given by the plaintiffs in this case in accordance with the requirement of the ordinance.

We are of the opinion that the contention of the plaintiffs is sound and that the trial court erred in sustaining the city's motion for summary judgment, in dismissing the city as a party defendant, and in thereby upholding the validity of the thirty-day provision of the municipal ordinance. It is true that there are some sound reasons for thirty-day provisions of this character, as the Court noted in *Thomas* v. *The City of South Charleston,* 148 W. Va. 577, 582, 136 S. E.2d 788, 792. We are, of course, not concerned here with the question of the wisdom or desirability of provisions of this character. Our only function in this case is to determine the legal question whether the thirty-day provision of the Huntington ordinance is valid.

The charter of the City of Huntington, as a "home rule" city, was adopted pursuant to Article VI, Section 39 (a) of the Constitution of West Virginia and the enabling statutes enacted to implement the constitutional provisions, such statutes being incorporated in Code, 1931, Chapter 8A, as amended. The constitutional provision, so far as considered pertinent to this case, is as follows:

"No local or special law shall hereafter be passed incorporating cities, towns or villages, or amending their charters. The legislature shall provide by general laws for the incorporation and government of cities, towns and villages and shall classify such municipal corporations, upon the basis of population, into not less than two nor more than five classes * * *. Under such general laws, the electors of each municipal corporation, wherein the population exceeds two thousand, shall have power and authority to frame, adopt and amend the charter of such corporation, or to amend an existing charter thereof, and through its legally constituted authority, may pass all laws and ordinances relating to its municipal affairs: Provided, that any such charter or amendment thereto, and *any such law or ordinance so adopted, shall be invalid and void if inconsistent or in conflict with this Constitution or the general laws of the State* then in effect, or thereafter, from time to time enacted." (Italics supplied.)

The term "general law" was considered and applied in *State ex rel. Plymale* v. *City of Huntington*, 147 W. Va. 728, 131 S. E.2d 160.

Article 4 of Chapter 8A, Code, 1931, as amended, deals with "Powers of Home Rule Cities." Section 2, of Article 4, dealing with police powers, is the only portion of Article 4 which is considered pertinent to this case. It is as follows:

"A city shall have the power to protect and promote the public safety, health, morals and welfare by the exercise of the powers granted by this article. The enumeration of powers in this article shall not operate to exclude the exercise of other

> powers fairly incidental thereto or reasonably implied and within the purposes of this chapter; and the provisions of this article shall be given full effect without regard to the common law rule of strict construction."

Article 4 contains twenty-one sections conferring express powers upon "home rule" municipalities, but none, either expressly or by reasonable implication, confers upon such municipalities any power or authority to place any restriction or limitation upon the right of action created by Code, 1931, 17-10-17, as amended, in favor of one who has sustained an injury to his person or property by reason of a sidewalk in any incorporated municipality being out of repair. No authority of this character is conferred, either expressly or by reasonable implication, by the constitutional provision, previously referred to in this opinion, which constitutional provision authorizes adoption and amendment of "home rule" charters.

"A municipal corporation is a creature of the State, and can only perform such functions of government as may have been conferred by the constitution, or delegated to it by the law-making authority of the State. It has no inherent powers, and only such implied powers as are necessary to carry into effect those expressly granted." *Brackman's, Incorporated* v. *City of Huntington,* 126 W. Va. 21, pt. 1 syl., 27 S. E.2d 71. To the same effect, see *Maxey* v. *The City of Bluefield,* 151 W. Va. 302, pt. 1 syl., 151 S. E.2d 689; *State ex rel. Plymale* v. *City of Huntington,* 147 W. Va. 728, pt. 1 syl., 131 S. E.2d 160; *State ex rel. Alexander* v. *The County Court of Kanawha County,* 147 W. Va. 693, pt. 2 syl., 130 S. E.2d 200; *Hyre* v. *Brown,* 102 W. Va. 505, pt. 2 syl., 135 S. E. 656; *Judy* v. *Lashley,* 50 W. Va. 628, pt. 1 syl., 41 S. E. 197; 62 C.J.S., Municipal Corporations, Section 115, page 249; 13 M. J., Municipal Corporations, Section 25, page 392. "In the absence of a statutory or charter provision to the contrary, it is not necessary, as a prerequisite to an action against a municipal corporation, that the claim or demand

should have been presented for payment, or a notice given." 64 C.J.S., Municipal Corporations, Section 2199, page 1037. No such requirement exists at common law. 38 Am. Jur., Municipal Corporations, Section 673, page 381.

We consider it pertinent to note that the Legislature, Regular Session, 1969, enacted Enrolled Senate Bill No. 2, to become effective July 1, 1969, which apparently will make applicable to all municipalities of the state a thirty-day provision similar to the provision involved in this case.

For reasons previously stated in this opinion, we are of the opinion that the City of Huntington had no inherent authority to enact the ordinance requiring a thirty-day statement or notice, as a prerequisite or a condition precedent to the plaintiffs' right to institute and to maintain the civil action here in question; that the municipality has not been granted, either expressly or by reasonable implication, any legislative authority to enact such an ordinance; that such ordinance is in conflict with the general laws of this state, particularly Code, 1931, 17-10-17, as amended, in that it undertakes to create a restriction on the right of action created by that statute; that the ordinance is for these reasons invalid and unenforceable; and that, therefore, the trial court erred in sustaining the city's motion for summary judgment and in dismissing the city as a party defendant to the civil action.

For reasons stated, the motion of the plaintiffs to reverse the judgment of the Circuit Court of Cabell County is granted. Accordingly, the judgment is reversed and the case is remanded to the trial court for such further proceedings as may be proper and consistent with the decision of the Court embodied in this opinion.

*Motion to reverse granted.*