The Vector Company, Incorporated, *etc.*

*v.*

The Board of Zoning Appeals of the
City of Martinsburg, *et al., etc.*

(No. 13085)

Submitted September 14, 1971.  Decided November 2, 1971.

*Charles H. Bean,* for plaintiff in error.

*Avey, Steptoe & Perry, Robert M. Steptoe,* for intervenors.

Caplan, President:

This is an appeal from a judgment which denied a writ of mandamus in a proceeding instituted in the Circuit Court of Berkeley County. In that proceeding the petitioner, appellant here, The Vector Company, Inc., a Tennessee corporation authorized to do business in this state,

sought to compel the respondents, the Board of Zoning Appeals of The City of Martinsburg and Thom Keller, Bruce Minghini, Decatur Young, Reymann Creque and Richard L. Douglas, its members, to grant it a special exception to the municipal zoning ordinance pursuant to a favorable vote of the majority of said Board.

Donald L. Anderson, Richard R. Lowman, Jr. and Edward R. Clark, citizens of Martinsburg and owners of property in the zoned area involved in this proceeding, filed a petition for leave to intervene in the appeal granted by this Court. In their petition they alleged that they were not made parties in the mandamus proceeding in the circuit court; that the named respondents made no appearance in that proceeding; that they are informed and believe that said respondents do not intend to appear or be represented on this appeal; and that they desire to appear and intervene in the proceeding in opposition to the demand of The Vector Company, Inc. On June 7, 1971 the petition for leave to intervene was granted.

The Vector Company holds an option to purchase a parcel of 7.005 acres of land located in the City of Martinsburg, upon 2.2 acres of which it desires to construct an eight story high rise multiple family dwelling for the elderly. A construction permit for that purpose being disapproved by the city building inspector, Vector appealed to the Board of Zoning Appeals for a special exception to the zoning ordinance. The City Planning Commission, to which its application was referred, in accordance with the Martinsburg Zoning Ordinance, recommended to the Board that the special exception be granted.

The Board of Zoning Appeals met on January 5, 1971 to consider Vector's appeal. When it was brought to the attention of John Lee VanMetre, a member of the Board, that he was ineligible to serve as such member he disqualified himself and the hearing was adjourned to January 8, 1971. On that date the Board convened and again considered Vector's request for a special exception. Richard L. Douglas had been appointed to replace John Lee VanMetre as a member of the Board. A motion was made

by The Vector Company for a special exception and a vote of the members of the Board was taken. Three members voted to grant the exception, one member voted to the contrary and Douglas, the new member, abstained from voting. The petition was denied after it was announced that in order for the exception to be granted there must have been four favorable votes from the five member Board. As heretofore noted only three members of the Board voted favorably on the petition.

In these circumstances, The Vector Company, claiming that a majority vote was sufficient to effect a grant of its petition, applied to the Circuit Court of Berkeley County for a writ of mandamus as aforesaid. Upon the denial of such writ the then petitioner prosecutes this appeal.

The basic question presented on this appeal is whether a bare majority of the five member Board of Zoning Appeals may grant a special exception to the zoning ordinances, or whether, as contended by the Intervenors, such grant requires the votes of four of the five members. The resolution of this question necessitates consideration of certain municipal ordinances and of statutes enacted by the Legislature.

It is the position of the Intervenors that by reason of Section 901.4 of the Martinsburg Zoning Ordinance and Code, 1931, 8-24-70 and 71, as amended, the Board of Zoning Appeals was correct in ruling that it could grant the request of Vector only if four of its five members voted favorably on said request. Vector, on the other hand, asserts that a bare majority of the members of the Board can so act. In support of its position it cites Code, 1931, 8-24-52, as amended, and Code, 1931, 8-1-6, as amended.

In relation to decisions of the Board of Zoning Appeals, Section 901.4 of the Martinsburg Zoning Ordinance provides: "The concurring vote of four of the members of the Board shall be necessary to reverse any order, requirement, decision, or determination of the Building Inspector, or to decide in favor of the applicant on any matter upon

which it is required to pass under this ordinance, or to effect any variation in the application of this ordinance."

Under the provisions of Code, 1931, 8-24-52, as amended, a majority of a Board of Zoning Appeals may act, the language thereof so providing as follows: "A majority of the members of a board of zoning appeals shall constitute a quorum. No action of a board shall be official, however, unless authorized by a majority of all of the members of the board." The appellee relies on this code section, along with Code, 1931, 8-1-6, as amended, which, in part, provides: "Any ordinance provision which is inconsistent or in conflict with any provision of this chapter shall be of no force and effect." By virtue thereof, contends Vector, the conflict and inconsistency between the statute and the municipal ordinance becomes apparent and the statute must prevail.

The Intervenors cite and rely on the following language in Code, 1931, 8-24-70, as amended: "Whenever any ordinance or rule and regulation adopted under the authority of this article requires a greater width or size of yards, courts or other open spaces, or requires a lower height of building or less number of stories, or requires a greater percentage of lot to be left unoccupied, or imposes other higher standards than are required in any other statute, * * * the provisions of the ordinance * * * adopted under the authority of this article shall govern." They say that the "higher standards" in that statute relate also to the requirement of four of five members of the Board to effect the grant of an exception to the zoning ordinance, as opposed to the bare majority provided in Code, 1931, 8-24-52, as amended. Therefore, they contend, the ordinance, imposing a higher standard, governs and the statute which provides that a board of zoning appeals may act by a bare majority is of no force or effect.

The contention of the Intervenors that the requirement of four of the five member Board provided in the ordinance, rather than a majority thereof prescribed by statute, constitutes "other higher standards" referred to in Code, 1931, 8-24-70, as amended, is without merit. It is

significant that preceding the words "other higher standards" in Section 70, are words and terms pertaining specifically and, in fact, exclusively to material standards of zoning such as measurements, prohibition as to size of buildings and other such specifications. In this circumstance this Court has long adhered to a rule known as *ejusdem generis*. This rule is well defined in 82 C.J.S., *Statutes,* in paragraph b of Section 332 as follows: "Under the rule of construction known as 'ejusdem generis,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." It is further stated therein that "The rule is based on the obvious reason that if the legislature had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes." See *Parkins* v. *Londeree,* 146 W.Va. 1051, 124 S.E.2d 471; *Cuppett* v. *Neilly,* 143 W.Va. 845, 105 S.E.2d 548; 50 AM. JUR., *Statutes,* Section 249; and 17 M.J., *Statutes,* Section 62. See also *Tanner* v. *Premier Photo Service and Hardesty,* 147 W.Va. 37, 125 S.E.2d 609. We apply this rule of construction to the instant case and hold that the words "other higher standards" contained in said Section 70 have no application to the issue presented here.

A further contention of the Intervenors, and one with which the trial court agreed, is that there is no inconsistency or conflict between Code, 1931, 8-24-52, as amended, on the one hand, and Section 901.4 of the Martinsburg Zoning Ordinance and Section 77 of the special municipal charter on the other. The Legislature has decreed for all municipalities that a majority of the members of a board of zoning appeals may act for that board. The municipal ordinance and charter provision require the favorable vote of four of the five members of the board before such board may grant an exception to the zoning ordinance. The Legislature permits action by a bare majority whereas the ordinance and charter do not. This, in our opinion, creates an inconsistency or conflict which is irreconcilable. While it has been held that a municipal ordinance may

exact requirements in addition to those in a statute it may not do so if an irreconcilable conflict is thereby created. It is our view that the Legislature intended to permit a board of zoning appeals in a municipality to act when a majority thereof indicated a desire to do so. Such is not the case where the instant municipal ordinance and special charter provision are concerned. In view of this conflict the provisions of Code, 1931, 8-1-6, as amended, apply and Code, 1931, 8-24-52, as amended, makes of no force and effect the pertinent provisions of Section 901.4 of the ordinance and supersedes as an amendment Section 77 of the special charter of the City of Martinsburg.

That municipal ordinances are inferior in status and subordinate to legislative acts is a principle so fundamental that citation of authorities is unnecessary. Equally fundamental is the legal principle that where an ordinance is in conflict with a state law the former is invalid. See *State ex rel. City of Charleston* v. *Hutchinson*, 154 W.Va. 585, 176 S.E.2d 691; *Toler* v. *City of Huntington*, 153 W.Va. 313, 168 S.E.2d 551; *State ex rel. Wells* v. *City of Charleston*, 92 W.Va. 611, 115 S.E. 576; *Bissett* v. *Littleton*, 87 W.Va. 127, 104 S.E. 289, 20 A.L.R. 1478; 56 Am. Jur. 2d, *Municipal Corporations, Etc.*, Sec. 374; 13 M.J., *Municipal Corporations*, Sec. 61.

Inasmuch as in the instant case we are of the opinion that the conflict between the statute and ordinance cannot coexist the ordinance must yield and it is of no force and effect. In view of the foregoing, the judgment of the Circuit Court of Berkeley County is reversed and this case is remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*