764 S.E.2d 532

BOARD OF ZONING APPEALS OF the
TOWN OF SHEPHERDSTOWN,
Respondent Below, Petitioner

v.

Borys M. TKACZ, Petitioner
Below, Respondent.

No. 13–0688.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 9, 2014.

Decided Sept. 30, 2014.

Brian J. McAuliffe, Esq., Martinsburg, WV, for Petitioner.

J. Michael Cassell, Esq., Charles Town, WV, for Respondent.

LOUGHRY, Justice:

This case is before this Court upon appeal of a June 4, 2013, order of the Circuit Court of Jefferson County that reversed a decision of the petitioner, the Board of Zoning Appeals of the Town of Shepherdstown, West Virginia (hereinafter "BZA"), granting a variance to Shepherdstown resident, Patricia Kelch,[1] with respect to a fence she constructed on her property. The BZA's decision was appealed to the circuit court by the respondent, Borys M. Tkacz, an adjoining property owner of Ms. Kelch.

In affording relief to Mr. Tkacz, the circuit court found that the BZA lacked jurisdiction to consider Ms. Kelch's appeal of the decision of the Shepherdstown Planning Commission that denied her a building permit for the fence; applied the wrong standard of proof when it granted the variance; and was plainly wrong with regard to its factual findings. The circuit court further found that the BZA engaged in oppressive misconduct justifying an award of attorney's fees and costs to Mr. Tkacz. In this appeal, the BZA argues that the circuit court erred with respect to its findings and that attorney's fees and costs were not warranted. Upon consideration of the briefs and arguments of the parties, the submitted record, and the pertinent authorities, we find that the circuit court committed error and, accordingly, reverse the final order.

## I. Factual and Procedural Background

Ms. Kelch and Mr. Tkacz own separate parcels of real property that adjoin each other in the historic district of Shepherdstown. Ms. Kelch's residence was formerly a grist mill and is open from time to time for public tours. In May of 2012, Ms. Kelch constructed what she described as a temporary "reed" fence around the perimeter of her property. The fence was approximately

---

1. Ms. Kelch was not a party in the proceedings before the circuit court.

six feet, six inches tall and composed of reeds that were tightly strung together. Subsequently, Ms. Kelch filed an application for a building permit with the Planning Commission, seeking to make the fence a permanent fixture on her property.

On June 18, 2012, the Planning Commission held a hearing with respect to Ms. Kelch's application for the building permit. By written decision issued June 29, 2012, the Planning Commission denied the application, stating that the fence did not meet the material or height requirements of the Town of Shepherdstown's Planning and Zoning Ordinance (hereinafter the "Ordinance").[2] The Planning Commission advised Ms. Kelch in its written decision that she had forty-five days to file an appeal and seek a variance from the BZA. Forty-two days later, on August 10, 2012, Ms. Kelch, who was not represented by counsel, filed an appeal with the BZA. In her appeal, Ms. Kelch claimed that the fence was necessary to repel trespassers and to maintain her property insurance. The BZA held hearings on the matter on September 27 and October 2, 2012. Mr. Tkacz attended the hearings, opposing Ms. Kelch's appeal and claiming that the fence blocked his easement for a scenic view. On October 14, 2012, the BZA issued its decision, granting a variance with regard to the fencing material but ordering Ms. Kelch to lower the fence to a height of six feet.[3]

On November 13, 2012, Mr. Tkacz, seeking to reverse the BZA's decision, filed a "Complaint and Petition for Writ of Certiorari and Declaratory Relief" pursuant to West Virginia Code § 8A-9-1 (2012)[4] in the Circuit Court of Jefferson County. By order dated June 4, 2013, the circuit court granted relief to Mr. Tkacz by vacating the decision of the BZA and awarding him attorney's fees and costs. Thereafter, the BZA filed this appeal.

## II. Standard of Review

▉▉▉ This case requires a review of a certiorari order of the circuit court. "This

Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment." Syl. Pt. 2, *Jefferson Orchards, Inc. v. Jefferson Cnty. Zoning Bd. of Appeals,* 225 W.Va. 416, 693 S.E.2d 781 (2010). The same standard of review utilized by the circuit court also applies to our review of this matter. As this Court explained in *Webb v. West Virginia Board of Medicine,* 212 W.Va. 149, 569 S.E.2d 225 (2002), "[o]n appeal, this Court reviews the decisions of the circuit court under the same standard of judicial review that the lower court was required to apply to the decision of the administrative agency." *Id.,* 212 W.Va. at 155, 569 S.E.2d at 231; *accord Martin v. Randolph County Bd. of Educ.,* 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995). The standard that applied to the circuit court's review of the BZA's decision was announced in syllabus point five of *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975): "While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction." Finally, "[i]n cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo.*" Syl. Pt. 2, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996). With these standards in mind, we consider the BZA's arguments.

## III. Discussion

### *Reversal of the BZA's decision*

The circuit court found that the three reasons for reversing a decision of a board of zoning appeals, as set forth in syllabus point five of *Wolfe,* were each present in this case. We will separately examine the circuit court's findings in that regard below.

---

2.  A copy of the Ordinance is included in the appendix record.

3.  The Ordinance allows for fencing four feet or six feet in height, depending on its location.

4.  "Every decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals is subject to review by certiorari." W.Va.Code § 8A-9-1(a).

■ 1. *Lack of Jurisdiction.* The circuit court concluded that the BZA did not have jurisdiction to consider Ms. Kelch's appeal of the Planning Commission's decision for two reasons. First, the circuit court found that Ms. Kelch's request for a building permit was not a zoning matter, which accordingly precluded the BZA from having appellate jurisdiction with respect to the Planning Commission's decision. Second, the circuit court found that the BZA did not have jurisdiction because Ms. Kelch's appeal was not filed within thirty days of the Planning Commission's decision. Consideration of the applicable statutes and relevant case law demonstrates, however, that the circuit court's reasoning was flawed.

The circuit court concluded that Ms. Kelch should have filed her appeal of the Planning Commission's decision pursuant to West Virginia Code § 8A-5-10 (2012), which provides:

> (a) An appeal may be made by an aggrieved person from any decision or ruling of the planning commission to:
>
> (1) The circuit court, pursuant to the provisions of article nine of this chapter; or
>
> (2) A board of subdivision and land development appeals, if the governing body has established a board of subdivision and land development appeals by ordinance.[5]

*Id.* (footnote added). The BZA argues that West Virginia Code § 8A-5-10 does not apply and that it had jurisdiction to hear Ms. Kelch's appeal pursuant to the Ordinance and West Virginia Code §§ 8A-8-9(1) (2012) and 8A-8-10 (2012).

West Virginia Code § 8A-8-9(1) grants a board of zoning appeals the power to "[h]ear, review and determine appeals from an order, requirement, decision or determination made by an administrative official or board charged with the enforcement of a zoning ordinance or rule and regulation adopted pursuant thereto[.]" Correspondingly, West

Virginia Code § 8A-8-10(a) states that "[a]n appeal from any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of a zoning ordinance, or rule and regulation adopted pursuant to a zoning ordinance, shall be filed with the board of zoning appeals." Section 9-1006 of the Ordinance stated: "As provided in Chapter 8A-8-10 of the West Virginia Code, appeals to the Board of Appeals may be taken by any person aggrieved or by any officer, department, board or bureau of Shepherdstown affected by any order, requirement, decision or determination of the Planning Commission." [6]

The determination of which statutory provision applies in this instance hinges on whether the granting of a permit to construct a fence is a matter of subdivision and land development or zoning. Rejecting the BZA's argument, the circuit court found that building permits do not fall within the ambit of a zoning ordinance, but fall instead into the classification of a subdivision or land development plan. Consequently, the circuit court concluded that because the Ordinance provided that an appeal of a decision of the Planning Commission must be filed with the BZA, it was in conflict with West Virginia Code § 8A-5-10. In reaching that conclusion, the circuit court failed to consider the provisions of West Virginia Code § 8A-7-2 (2012) that set forth what must be considered in enacting a zoning ordinance and what may be included in a zoning ordinance.

Among the contents a zoning ordinance may include pursuant to West Virginia Code § 8A-7-2(b) are the following:

> (1) Regulating the use of land and designating or prohibiting specific land uses;
>
> . . . .
>
> (3) Designating historic districts and regulating the uses of land and the design of buildings within the historic district;
>
> . . . .

---

5. Shepherdstown does not have a board of subdivision and land development appeals.

6. Mr. Tkacz stresses the fact that Shepherdstown has taken steps to amend certain sections of the Ordinance including Section 9-1006. However, subsequent amendments to the Ordinance are

not relevant to this case. *See Far Away Farm, LLC v. Jefferson Cnty. Bd. of Zoning Appeals,* 222 W.Va. 252, 259, 664 S.E.2d 137, 144 (2008) (explaining that municipal ordinances, like statutes, are generally construed to operate prospectively).

(10) Preserving green spaces and requiring new green spaces, landscaping, screening and the preservation of adequate natural light[.]

In accordance with the above, the Ordinance regulates fencing within the historic district as a zoning matter, explaining in Section 9–803(I) that its purpose is to:

a) Allow for the provision of security for both private and public safety; for example a fence can keep pets within property and keep an open line of visual clearance for vehicles across street corners.

b) Recognize that property owners have a right to determine the boundaries of their properties and achieve a measure of privacy in their yards.

c) Protect the openness and greenness of the Town and afford views into historic properties for everyone passing on a public way. Recognize that private yards, grass, gardens, and trees are an essential part of our historic context and character of the Town and fences should not detract from this context.

d) The regulations guide construction of fences to preserve the distinctive character and integrity of the Historic District and surrounding properties. Fence design should be compatible with the house scale and design.

Based on the above, we find that the circuit court erred in concluding that Section 9–1006 of the Ordinance was in conflict with West Virginia Code § 8A–5–10. Because the Ordinance classifies fencing as a zoning matter consistent with West Virginia Code § 8A–7–2, Ms. Kelch's appeal was properly filed with the BZA pursuant to West Virginia Code §§ 8A–8–9(1) and 8A–8–10.

■ We further find that the circuit court erred in concluding that the BZA had no jurisdiction because Ms. Kelch did not file her appeal of the Planning Commission's decision within thirty days. Once the circuit court concluded that this was not a zoning matter, it applied the thirty-day appeal period set forth in West Virginia Code § 8A–5–10(b). However, West Virginia Code § 8A–8–10(b) is the applicable statute as it governs when an appeal may be taken in a zoning matter. Nonetheless, that statute also provides for a thirty-day appeal period, stating that an appeal to a board of zoning appeals "shall ... (2) Be filed within thirty days of the original order, requirement, decision or determination made by an administrative official or board charged with the enforcement of a zoning ordinance[.]" W. Va.Code § 8A–8–10(b).

■ Although it is undisputed that Ms. Kelch filed her appeal with the BZA forty-two days after the Planning Commission denied her a building permit, our analysis does not end there. While we agree with the circuit court's conclusion that the forty-five-day appeal period set forth in the Ordinance was of no force and effect,[7] we cannot ignore the fact that the Planning Commission specifically advised Ms. Kelch in writing that she had forty-five days to appeal its decision to the BZA.[8] "This Court has long held that non-lawyer, pro se litigants generally should not be held accountable for all of the procedural nuances of the law." *Frank P. Bush, Jr. & Assocs., L.C. v. Hammer*, 215 W.Va. 599, 603, 600 S.E.2d 311, 315 (2004) (Davis, J. concurring). As this Court has explained:

When a litigant chooses to represent himself, it is the duty of the trial court to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party.... Most importantly, the trial court must strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules.

[Y]ou may appeal this Decision of the Planning Commission to the Shepherdstown Board of Appeals. Your appeal must be filed within forty-five days of [this] Notice of Decision and be in accordance with said Code and Ordinance provisions.

---

**7.** *See* Syl. Pt. 1, *Vector Co. v. Bd. of Zoning Appeals*, 155 W.Va. 362, 184 S.E.2d 301 (1971) ("When a provision of a municipal ordinance is inconsistent or in conflict with a statute enacted by the Legislature the statute prevails and the municipal ordinance is of no force and effect.").

**8.** In its notice of decision, the Planning Commission stated as follows:

*State ex rel. Dillon v. Egnor,* 188 W.Va. 221, 227, 423 S.E.2d 624, 630 (1992) (internal quotations and citation omitted). At the same time, this Court has also recognized that a

> court must not overlook the rules to the prejudice of any party. The court should strive, however, to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not.

*Blair v. Maynard,* 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984).

In this case, Ms. Kelch was not represented by counsel when she appeared before the Planning Commission or later when she filed her appeal with the BZA. She complied with the time frame provided by the Planning Commission. As a pro se litigant, it was reasonable for Ms. Kelch to rely upon the information supplied by the Planning Commission. Of further significance is the absence of any evidence demonstrating prejudice by the fact that Ms. Kelch's appeal was filed with the BZA forty-two days after the Planning Commission issued its decision. In that regard, the BZA's order states that Mr. Tkacz appeared at the hearing on the matter, raised a number of objections to the variance both initially and in response to Ms. Kelch's testimony, and that his objections were taken into consideration by the BZA when it made its decision.[9] Given these specific facts and circumstances, the circuit court erred in finding that Ms. Kelch's appeal was untimely.

■ *2. Application of an Erroneous Principle of Law.* The circuit court also found that the BZA applied an erroneous principle of law by utilizing the wrong standard of proof in determining whether to the grant the requested variance. In its decision and order, the BZA noted at the outset that the granting of variances is governed by Section 9–1008 of the Ordinance, which provides that "[n]o such variance in the provisions or requirements of this ordinance shall be authorized by the [BZA] unless it finds, *beyond reasonable doubt,*" that certain facts and conditions exist.[10] (Emphasis added). Later, in the "Conclusions of Law" section of the decision and order, the BZA stated that "[t]he applicable standard of proof is clear and convincing evidence." As part of its ruling, the circuit court concluded that the BZA applied the wrong standard of proof, which "constitut[ed] reversible error in and of itself." [11]

The BZA maintains that the statement in its decision regarding a clear and convincing standard of proof was simply a typographical error and, under either standard, the outcome would be the same. Upon review, we find that the circuit court erred by summarily concluding that the BZA applied the

---

9. The record also indicates that notice of the hearing on Ms. Kelch's appeal of the Planning Commission's decision was properly published.

10. Section 9–1008(b) of the Ordinance states that a variance may be granted if the Board finds beyond reasonable doubt that the following facts and conditions exist:

(1) That there are exceptional or extraordinary circumstances or conditions applying to the property in question or to the intended use of the property that do not apply generally to other properties or classes of uses in the same zoning district.

(2) That such variance is necessary for the preservation and enjoyment of substantial property rights possessed by other properties in the same zoning district and in the same vicinity.

(3) That the authorizing of such variance will not be of substantial detriment to adjacent property and will not materially impair the purposes of this title or the public interest.

(4) That the condition or situation of the specific piece of property or the intended use of such property, for which variance is sought, is not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such condition or situation.

11. Because none of the parties took issue with the fact that the Ordinance provides for a "reasonable doubt" standard of proof, we make no findings in that regard. We would note, however, that the "reasonable doubt" standard of proof generally applies to criminal cases. *See O'Dell v. Stegall,* 226 W.Va. 590, 608, 703 S.E.2d 561, 579 (2010) (" 'Clear and convincing evidence' or 'clear, cogent and convincing evidence' is the highest possible standard of civil proof [.] ... It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." (quotations and citations omitted)).

wrong standard of proof without employing any analysis of the factors considered by the BZA in granting the variance. It is clear from a review of the record as a whole that Ms. Kelch met the Ordinance's requirements for the granting of a variance under the controlling standard of proof.[12]

**3. The BZA's Factual Findings.** The circuit court determined that there was no evidence to support the BZA's finding that the fence was necessary for Ms. Kelch to maintain her property insurance. The record indicates, however, that Ms. Kelch presented documentation to the Planning Commission establishing that her "insurance requires some control over visitors." This Court has explained that "the plainly wrong standard of review is a deferential one, which presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Conley v. Workers' Comp. Div.*, 199 W.Va. 196, 199, 483 S.E.2d 542, 545 (1997) (citations omitted). Based on the evidence in the record, it was reasonable for the BZA to make the finding that "the requested fence is necessary for insurance purposes to contain visitors to the mill when it is being made available to the public for events, impede trespassing from adjacent properties and reduce the liability of accessing the water wheel."

In concluding that BZA's factual findings were not supported by the record, the circuit court seems to have turned a blind eye to the fact that the Ordinance permits fencing in the historic district of Shepherdstown. The Planning Commission acknowledged that Ms. Kelch could have a fence on her property.

The only issue from the outset of this case has been the fact that Ms. Kelch's fence did not meet the height or material requirements of the Ordinance. After considering the requirements for a variance as set forth in the Ordinance, the BZA denied Ms. Kelch's request to exceed the height requirement and ordered her to lower the fence to six feet. In granting Ms. Kelch a variance with respect to the material of the fence, the BZA not only considered Ms. Kelch's need for the fence for insurance purposes, but it also relied upon the following summarized findings:

> The requested fence is not visible from the street and does not obscure the view of the dwelling from the street.
>
> The ordinance allows adjacent property owners to construct a six foot high solid fence parallel to the location of Ms. Kelch's fence on their property.[13]
>
> Mr. Tkacz's easement is not in the same location as the fence.
>
> Mr. Tkacz built his own solid fence adjacent to Ms. Kelch's front yard.
>
> Excluding Mr. Tkacz, no other person spoke either for or against Ms. Kelch's request for a variance.
>
> The materials used for the fence are not on the recommended list of materials; however, they are not prohibited.

Given all of the above, we find that the circuit court improperly substituted its judgment for that of the BZA. The BZA found that Ms. Kelch met all the requirements for the granting of a variance. The BZA's conclusion in that regard satisfied the requisite standard of proof. As such, the circuit court abused its discretion by reversing the BZA's decision.[14]

---

12. In making this determination, we are mindful of the fact that the BZA is entitled to a presumption of correctness and also the BZA's acknowledgement of making a typographical error regarding the applicable standard of proof. *See Wolfe*, 159 W.Va. at 35, 217 S.E.2d at 900, syl. pt. 5.

13. The BZA explained that Ms. Kelch's property is of an unusual shape and an extraordinary situation in that it is a mill that was converted to a dwelling. It is set over 80 feet back from the Street while all other dwellings on the street sit on what appears to be a near zero property line. This results in the appellant's front yard being adjacent to her neighbors'

rear yards. The rear and side yards are wooded, rocky and basically are steep embankments for the Town Run and cannot be used as "lawn[.]"

14. Having found the circuit court erred in reversing the BZA's decision, Mr. Tkacz is no longer the prevailing party. *See Sally–Mike Props. v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986) (authorizing award of attorney's fees to prevailing party if losing party acted in bad faith, vexatiously, wantonly or for oppressive reasons). Accordingly, the BZA's assignment of error with respect to the circuit court's grant of attorney's fees and costs has been rendered moot by our decision.

## IV. Conclusion

For the reasons set forth above, the final order of the Circuit Court of Jefferson County entered on June 4, 2013, is reversed.

Reversed.