# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Robert Donadieu, Rita Donadieu, George N. Sparks, Patience T. Sparks, Donna Fallin, and Martha A. MacNamara, Petitioners Below, Petitioners**

vs) **No. 15-1058** (Morgan County 15-P-15)

**Morgan County Planning Commission, Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioners Robert Donadieu, Rita Donadieu, George N. Sparks, Patience T. Sparks, Donna Fallin, and Martha A. MacNamara (collectively "petitioners"), by counsel Lawrence M. Schultz, appeal the "Order Denying Petition for Writ of Mandamus and/or Certiorari and Granting Motion to Dismiss the Petition," entered by the Circuit Court of Morgan County on September 28, 2015. Respondent Morgan County Planning Commission ("Planning Commission"), by counsel Richard G. Gay, filed a response.[1] Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural History

---

[1]Subsequent to the filing of petitioner's Notice of Appeal, the circuit court entered an order permitting SB DG Berkeley Springs, LP, to intervene as a respondent pursuant to Rule 24(a) of the West Virginia Rules of Civil Procedure. SB DG Berkeley Springs, LP filed a response brief in this appeal in which it raises essentially the same arguments as the Planning Commission with respect to the petitioners' petition for a writ of certiorari and/or mandamus. The circuit court's order granting the intervention motion is the subject of petitioners' third assignment of error.

1

This case involves a joint application by the owner and developer[2] of Oakland Overlook subdivision to the Planning Commission in which the applicants sought to re-plat the subdivision to allow for the construction of a Dollar General Store. The subdivision formerly consisted of twelve one-half-acre lots. The application sought approval to re-plat four of the lots into a single lot for commercial development, with the eight remaining lots at one-half acre each for residential use. The Planning Commission had already approved the subdivision in 2007 to incorporate both residential and commercial lots. At the time of the application at issue in this case, the underground infrastructure and stormwater management facilities had already been installed to serve the twelve lots; however, no lots had been sold and no buildings had been constructed in the subdivision.

The application required the owner to obtain various permits as required by the Morgan County Subdivision Ordinance ("Ordinance").[3] Because there were permits in effect that would

_____

[2] The owner of the subdivision is Cacapon Associates, LP, and the developer is Cross Development, LLC.

[3] Section 4.3 of the Ordinance states as follows:

The developer shall fill out and sign an Application for a Permit to Establish a Real Estate Subdivision in Morgan County, West Virginia. This application shall be on a printed form provided by the Planning Commission, and shall elicit from the developer such information regarding the proposed subdivision as may be reasonable.

     a. The name, address, & telephone number of the developer;
     b. The name of the proposed subdivision;
     c. The type of subdivision selected; (Note: The type of subdivision selected is entirely up to the developer)
     d. The name of any attorney, professional surveyor, or professional engineer licensed by the State of West Virginia to be involved in the subdivision;
     e. Total area of the subdivision.
     f. A letter of transmittal setting forth the purpose of the application, the materials being submitted for review, and the number of copies being submitted shall accompany the application.

Section 4.4 of the Ordinance requires that the following material accompany the application:

     a. Phased Preliminary Plat approval if applicable;
     b. A Preliminary Plat as described in Article 13 of this Ordinance;
     c. A letter from the owner, if different from the developer, authorizing the developer to act as his agent with full authority;
     d. Copies of existing and proposed deed restrictions or protective covenants;

(continued . . .)

have to be cancelled or modified upon approval of the re-plat, the owner requested waivers of the time requirements for filing those permits until the Final Plat Public Hearing before the Planning Commission, as described in the Ordinance. Specifically, the owner sought waivers of the time requirements to obtain the following permits until the Final Plat Public Hearing: (1) a well permit from the Morgan County Health Department; (2) a revised sewage permit from the West Virginia Department of Environmental Protection and West Virginia Department of Health and Human Resources; (3) an entrance permit from the West Virginia Division of Highways; (4) a National Pollutant Discharge Elimination System permit from the West Virginia Department of Environmental Protection; and (5) a Sediment and Erosion Control review by the Eastern Panhandle Conservation District.

Additionally, the owner sought a waiver of the lot size requirement to allow for the eight residential lots to remain one-half acre in size. When the Planning Commission approved the initial plat in 2007, the Ordinance allowed for one-half acre lots. However, the Ordinance was amended in 2013, and the minimum lot size was increased to one acre.

---

e. Written provision for the property owners' association to eventually take over responsibility for the maintenance and operation of community facilities, especially roads, within the subdivision. The Planning Commission can provide suggested forms for these provisions;

f. Profiles of the center lines of each road within the subdivision, and typical cross
sections;

g. Septic system permits for all lots unless the subdivision is to be serviced by central system. All lots shall contain a minimum on-site disposal septic area of 10,000 square feet, which shall be set aside for the installation of septic system-soil absorption systems. Each area shall have a minimum width of 80 feet, and no development or structures shall be permitted on this on-site disposal area other than the septic system-soil absorption systems. Area consisting of land sloping in excess of 25%, land in an existing or proposed public road, or land within a 25-year flood plain shall not be utilized in establishing this minimum area;

h. If an application for a waiver of the central sewer/water requirements of the West Virginia Department of Health has been made, include copies of all data furnished to the State;

i. A proposed plan for control of erosion and sediment during and after construction. A plan shall be prepared and approved in accordance with standards and specifications of the Eastern Panhandle Soil Conservation District and in accordance with all requirements of the Morgan County Stormwater Management Plan;

j. State road entrance permits as applicable;

k. A copy of the Morgan County Plan Review Checklist, which may be amended from time to time, with each item on the list being initialed as being completed or not applicable. The checklist shall be signed by the Professional Surveyor or Engineer in responsible charge of the project.

On February 17, 2015, the Planning Commission conducted a public hearing to consider the waiver requests and approval of the preliminary plat for the subdivision. After reviewing the report of its engineer, hearing public comment, and discussing the matter, the Planning Commission granted the re-platting request and the waivers of the time requirements for filing the various permits until the Final Hearing.

On March 19, 2015, petitioners filed a Petition for Writ of Mandamus and/or Certiorari in the circuit court, in which they challenged the Planning Commission's decision. Petitioners, all of whom live near the proposed Dollar General Store site, alleged that the Planning Commission scheduled and conducted the public hearing without having first received all of the documentation required by the Ordinance, namely, the permits for which the owner sought time waivers. Additionally, petitioners argued that the Planning Commission violated the Ordinance by granting the waivers to file the permits until the Final Plat stage and that the approval of the waiver of the lot size was not supported by the evidence submitted at the preliminary hearing. The Planning Commission filed a motion to dismiss the petition.

With respect to the requests for a waiver of the time limits within which permits must be filed, the Ordinance provides as follows in Section 7.3: "Any of the above time periods binding upon either the Planning Commission or the developer may be waived by mutual consent for good cause shown." With respect to waivers generally, Section 6 of the Ordinance states that

> [t]he Planning Commission shall have the right to waive any provision of this Ordinance when evidence is presented showing that such a waiver shall not affect the implementation of the intent of this Ordinance. A request for a waiver must be in writing on a form provided by the Planning Commission.

Section 6 further provides as follows:

> Where the Planning Commission finds that extraordinary hardship may result from strict compliance with these regulations, it may modify the regulations so that substantial justice may be done and the public interest secured, provided that such waiver shall not have the effect of nullifying the intent and purpose of the goals and policies of the Morgan County Comprehensive Plan or of these regulations. The Planning Commission shall determine extraordinary hardship only if it finds the following facts in regard to the proposed subdivision or land development unit:
>
> a. That the land is of such shape or size, or is affected by such topographical conditions, or is subject to such title limitations of record that it is impossible or impractical for the subdivider to comply with all the regulations in this Ordinance;
> b. That the granting of the waiver shall not be detrimental to the public welfare or injurious to other property in the vicinity of the subject property.
> A complete description of all waivers approved by the Planning Commission must be listed on the Final Plat.

Following additional briefing by the parties, the circuit court entered an order on September 28, 2015, denying the petition for a writ of mandamus and/or certiorari and granting the Planning Commission's motion to dismiss. Petitioners argued that pursuant to Section 4.4, the Planning Commission was not authorized to conduct the hearing without having first received the full list of items in the application, including the subject permits. The circuit court rejected petitioners' argument, stating that it ignored the Ordinance as a whole, which also permitted the granting of waivers for time limits. The circuit court concluded that both Sections 6 and 7.3 of the Ordinance provided the Planning Commission with the discretion to grant extensions of the time periods within which the owner or developer must file the subject permits. The only remaining item listed in Section 4.4 that petitioners contended was not included in the application was the transmittal letter, which the court determined was not required as it contains no substantive information.

Next, the circuit court upheld the Planning Commission's waiver of the one-acre minimum lot size requirement. The circuit court found that that the record before the Planning Commission supported the existence of a substantial hardship because there was already in place a storm-water management and drainage system for the one-half acre lots that would be impractical to modify. Additionally, the circuit court found that the reason for the amendment to the Ordinance to require one-acre lots was to provide a set-aside area of 10,000 square feet in the case of the failure of an onsite septic system. Because there was a central sewage system on the subdivision, the circuit court concluded that a waiver of the one-acre lot size requirement would not be detrimental to the public welfare or injurious to any other property owner.

Finally, petitioners contended that the Planning Commission failed to provide them with all of the documentation they requested in advance of the meeting, and thus, violated their due process rights. The circuit court found that none of the petitioners or their counsel had ever requested copies of documents, despite the documents being available for inspection.

On October 16, 2015, subsequent to the entry of the order denying the petition, SB DG Berkeley Springs, LP, filed a motion to intervene before the circuit court. SB DG Berkeley Springs, LP is the lender providing the financing for the purchase of the real estate and construction of the Dollar General Store project. Petitioners filed their Notice of Appeal to this Court on October 28, 2015, challenging the denial of their petition. The circuit court granted SB DG Berkeley Springs, LP's motion to intervene by order entered on December 14, 2015. On appeal, petitioners challenge both the circuit court's denial and dismissal of their petition for mandamus and/or certiorari and the intervention by SB DG Berkeley Springs, LP, as untimely and unnecessary.

**Discussion**

We review the denial of a petition for a writ of certiorari[4] under the following standard:

---

[4] Petitioners concede in their brief that certiorari, rather than mandamus, is the proper remedy to address their allegations.

5

This Court applies an abuse of discretion standard in reviewing a circuit court's certiorari judgment. Syl. Pt. 2, *Jefferson Orchards, Inc. v. Jefferson Cnty. Zoning Bd. of Appeals,* 225 W.Va. 416, 693 S.E.2d 781 (2010).

While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction. Syl. Pt. 5, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975).

Syl. Pts. 1 and 2, *Bd. of Zoning Appeals of Town of Shepherdstown v. Tkacz*, 234 W.Va. 201, 764 S.E.2d 532 (2014). In addition, this Court has held that "[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." Syl. Pt. 3, *Maplewood Estates Homeowners Ass'n v. Putnam Cnty. Planning Comm'n*, 218 W.Va. 719, 629 S.E.2d 778 (2006) (citations omitted).

Petitioners' first assignment of error is that the circuit court erred when it held that the mandatory language of the Ordinance requiring that permits and other documentation be filed before scheduling and advertising a hearing could be waived at the very hearing that the Ordinance says could not be scheduled without such documentation being filed. Stated another way, petitioners assert that, without the required permits, the Planning Commission should not have been permitted to schedule the preliminary plat hearing. Petitioners contend that the circuit court allowed the Planning Commission to waive its own mandatory filing requirements, which rendered the requirements meaningless, deprived the public of its right to view and question required documents, and forced the public to speak in generalities when opposing the application. Finally, petitioners challenge the lack of findings by the Planning Commission when it granted the waiver of the minimum lot size requirement.

Upon our review, we find no abuse of discretion. The permit time waivers granted pursuant to Section 7.3 were not waivers of the Ordinance's substantive requirements; rather, the Planning Commission merely granted an extension of time within which the applicants needed to obtain the permits until the Final Plat Stage. The permits were still required. To require that an application always contain the permits at the beginning phase of the process ignores the Planning Commission's clear authority provided in Sections 6 and 7.3 to waive the time periods. In addition, it was reasonable for the Planning Commission to interpret the Ordinance to allow waiver of the time period for the applicant to obtain a permit that would otherwise be required to be in the initial application per Section 4.4. This is especially true because this was a re-plat of an existing, already-approved subdivision.

With respect to the waiver of the lot size requirement, the applicants' representative, Justin Cowles, submitted a memorandum and testified before the Planning Commission to explain his reasoning for the request to keep the lots at one-half acre. This memorandum was presented to the Planning Commission, was part of the record before it, and was quoted extensively in the circuit court's order denying petitioners' petition. The reason for the waiver request was that the subdivision had already been approved for one-half acre lots and already had

central sewage and other infrastructure in place. The claim that there was no showing of hardship is belied by the record.

As to petitioners' claim that there are no formal findings of fact drafted by the Planning Commission, a review of the record shows that there was substantial evidence presented at the hearing justifying the Planning Commission's decision. West Virginia Code § 8A-5-8 governs approval of major subdivision or land development plans and plats, and does not expressly require a planning commission to issue formal findings, per se. In the present case, the minutes from the Planning Commission hearing show that the members discussed the application, questioned the applicant, and found that the waiver requests were warranted. Accordingly, we cannot find an abuse of discretion under the facts of this case.

Petitioners' second assignment of error is that the circuit court erred when it held that petitioners' due process rights were not violated even though the Planning Commission did not have all of the documents in its file required by the Ordinance, failed to make documents available to petitioners, and approved the development without petitioners seeing the complete file. With respect to documents that did exist in Planning Commission's files, petitioners appear to complain that the Planning Commission did not disclose those documents to them in advance of the public hearing. However, they misconstrue the nature of Planning Commission hearings; they are not akin to civil trials where parties are entitled to certain discovery disclosures. Rather, everything in the Planning Commission's file was available for public inspection, and as the Planning Commission noted, petitioners did not avail themselves of that access.

Petitioners also contend that the Planning Commission violated their procedural due process rights because all of the required permits were not included in the application when the Planning Commission gave its preliminary approval. Petitioners assert that they were, therefore, deprived of their right to speak against the Dollar General Store project. However, the flaw in petitioners' argument is that they equate the existence of the permits with their ability to speak against the project. They are not the same. Said another way, the lack of permits does not diminish petitioners' ability to oppose the project on whatever basis they choose to argue. Procedural due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976). Petitioners were afforded both. Moreover, the Planning Commission rightly points out that had the applicants obtained the revised permits by the time of the preliminary plat stage, the Planning Commission would have had no authority to question those permits as they are issued by other entities with regulatory control over those activities. In this case, we find no violation of petitioners' procedural due process rights.

Petitioners' final assignment of error challenges the post-judgment intervention by SB DG Berkeley Springs, LP. Petitioners argue that, despite the intervenor's late claim of a financial interest in the outcome of this litigation, its interests were adequately protected by the Planning Commission. Because we affirm the circuit court's order denying and dismissing petitioners' request for a writ of certiorari, there no longer is a proceeding before the circuit court in which the intervenor can participate. Therefore, it is unnecessary for us to address the circuit court's subsequent order granting SB DG Berkeley Springs, LP's motion to intervene.

For the foregoing reasons, we affirm the Circuit Court of Morgan County's September 28, 2015, order denying petitioner's petition for a writ of certiorari and/or mandamus and granting the Planning Commission's motion to dismiss the same.

Affirmed.

**ISSUED:** October 7, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II